*IN ERROR.*
.....
ALBANY,
Feb. & March,
1811.

WATERS
v.
TRAVIS.

*Ann* his wife, eighty dollars and ninety-six cents, being the proportion of the whole costs and charges attending the partition aforesaid, according to her right in the lands and tenements aforesaid."

That a judgment may be reversed in part, and affirmed in part, where different matters of the judgment are distinguished, is clear. (4 *Burr.* 2021. 1 *Str.* 188. 2 *Str.* 934. 1 *Salk.* 312.) Here there is a distinct judgment; and I am, accordingly, of opinion, that the judgment, as to the costs, adjudged against *Mary Bradshaw*, be reversed, and that the plaintiffs, as to the residue, go without day.

This being the unanimous opinion of the court, it was thereupon ORDERED and ADJUDGED, that the judgment of the supreme court be reversed, so far forth as respects the costs thereby adjudged to be paid by *Mary Bradshaw* to the said *Patrick Callaghan* and *Ann* his wife, and that as to the residue of such judgment, that the plaintiffs go thereof without day; and that the record be remitted, &c.

---

THOMAS WATERS, *Appellant*,
against
EZEKIEL TRAVIS, *Respondent.*

---

FEBRUARY 26, 1811. *Riggs*, counsel for the *appellant*, stated that the cause had been set down for hearing on this day, and that the *respondent* had not answered the petition of appeal, pursuant to the rule entered for that purpose, according to the practice of the court;

Where a decree of reversal had been entered by default, without service of a copy, or notice of the rule to answer the petition of appeal, the decree was set aside for irregularity; although the decree had been entered up, and the record *remitted.*

Whether this court will hear arguments *ex parte*, or enter a decree by default, as of course, *quære.*

Where a *respondent* presented a petition to the court, stating that he was poor, and unable to employ counsel, th e court assigned him counsel.

'and that as the *respondent* did not appear in person, or
by counsel, to argue the cause, he prayed that the cause
might now be heard *ex parte.*

*IN ERROR.*

ALBANY,
Feb. & March.
1811.

WATERS
v.
TRAVIS.

*The Court.* We do not hear arguments *ex parte ;* and
the *appellant* must take a judgment by default.

On motion of Mr. *Riggs*, it was thereupon ordered,
adjudged and decreed, that the decree of the court of
chancery be reversed ; and that the bill of complaint of
the said *Ezekiel Travis*, in the court of chancery, be
dismissed ; and that he pay to the *appellant* the costs in
the court of chancery to be taxed, and that the record
be remitted, &c.

*March* 4. The petition and affidavit of the *respondent*
were read, stating that he was poor, and unable to pro-
cure counsel to attend at *Albany*, to argue the cause
in his behalf, &c. ; that no rule or order of this court
had been served upon him, and that he had received no
notice of the proceedings on the part of the *appellant.*

*The Court*, thereupon, ordered, that the decree which
had been entered by default, should be reconsidered ;
and that all further proceedings on the part of the *ap-
pellant* should be stayed, until the further order of the
court. Counsel were also assigned for the *respondent.*

*March* 18. *J. Duer*, for the *respondent*, moved to
set aside the judgment by default, entered in this
cause, on the ground of irregularity. He said it was,
as he understood, the practice of the house of lords,
in *England*, to hear arguments *ex parte*, and not to give
judgment, of course, by default ; but there were
other reasons why this court should not allow of such
judgments ; for the constitution and rules of this court
require the chancellor, in every case of appeal, and

IN ERROR.
·····
ALBANY,
Feb & March,
1811
⁓⁓⁓
WATERS
v.
TRAVIS.

the judges of the supreme court, in every case on writ of error, to assign the reasons of their judgment. This court, then, cannot reverse the judgments or decrees of those courts, without hearing the reasons on which they were founded. And it might have been, that in this case, had this court heard the chancellor's reasons, they would have affirmed the judgment, even on the *ex parte* argument of the *appellant;* and he insisted on the unreasonableness and injustice of the practice of giving judgment by default, as of course, in this court. It appeared, also, by one of the printed rules of the court, that where a defendant in error, or *respondent*, has not appeared by attorney or solicitor, that all rules and notices must be served on him in person.

*Riggs,* contra, said, that the decree of reversal, which had been taken by default, in this cause, had been entered up, and the *remittitur* taken out of the court, before the order was entered to stay further proceedings; and he submitted, whether this court, possessing only an *appellate* jurisdiction, could now have any further power over the cause, when the record had been sent back to the court of chancery. In the case of *Dean v. Secord,* in 1800, this court decided, that after a *remittitur* was taken out of court, it was too late to correct any error, even in its own judgment; as the cause was then out of the power of the court. He read an affidavit, stating that he served a copy of the petition of appeal on the *respondent's* solicitor and counsel, in *New-York,* to whom he gave notice of the exhibiting of the petition to this court; and was informed by the counsel, that he should not attend this court during this session; but could not learn, from inquiry, that the *respondent* had employed any one to appear for him in this court.

He said, that according to the practice of the court, as he had understood it, from the decision in the case of *Nevin v. Belknap,* and other causes, a copy or notice of

the rule to answer the petition of appeal, or to join in error, need not be served. The rule of court which had been cited, provided only for the case in which a service of a rule or order was requisite; but in the present case, the service was not necessary; and it was not the practice to employ an attorney or solicitor in this court.

*IN ERROR.*

......

ALBANY,
Feb. & March, 1811.

WATERS
v
TRAVIS.

*March* 19. *Per Curiam.* Ordered, that the decree, in this cause, be set aside for irregularity.

**END OF THE CASES IN ERROR.**