## ELDRIDGE *et al.* v. WRIGHT *et als.*

PLAINTIFFS obtained a preliminary injunction restraining defendants from obstructing a road leading to plaintiffs' mine. Upon the answer being filed, the injunction was dissolved. Plaintiffs being about to appeal from the order dissolving the injunction, the Judge below thereupon made an order that, upon such appeal being perfected by filing a bond, etc., as required by him, the . order granting the injunction should be revived and continue in force.    Plaint-

Eldridge *v.* Wright.

iffs perfect the appeal, and apply to the Supreme Court for an injunction pend-
ing the appeal, on the ground that defendants are disregarding said reviving
order, and obstructing to the ruin of plaintiffs. *Held,* that the application
must be denied, if this Court had the power to grant it; that the remedy of
plaintiff under the reviving order is ample to protect him, until the appeal can
be heard, or the injunction be dissolved by some competent authority.

APPEAL from the Third District.

The suit is to obtain a perpetual injunction restraining defendants
from obstructing a certain road leading to the quicksilver mines of
plaintiffs. The complaint avers plaintiffs to be owners of a mine situ-
ated on a portion of a rancho, the title to which is derived from the
Mexican Government; that by conveyances from the grantee, plaintiffs
have the right of way over all portions of said rancho; that defendants
are working another mine on the same rancho; that the only prac-
ticable road leading from plaintiffs' mine to the main highway goes by
the mine defendants are working, and that defendants, to injure plaint-
iffs, wantonly obstruct said road by putting gates across it and prevent-
ing all ingress and egress. The complaint avers the great value of the
mine, large number of laborers employed, and that said obstructions
are ruinous, etc.

For the purposes of this application, further facts are not necessary,
though it was thought proper to state thus much.

The preliminary injunction and other proceedings were then had, as
stated in the syllabus. The application for injunction was made upon
affidavit of the facts, the transcript on appeal being filed.

*Wm. T. Wallace,* for the Application.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and
COPE, J. concurring.

Application for injunction. We deny the application. We see no
necessity for this application, if we had the power to grant it, for the
remedy of the plaintiff under the order reviving the injunction pending
the appeal is ample to protect the plaintiff until the appeal can be
heard, or the injunction be dissolved by some competent authority.