Rapallo, J.
The only question of any general importance involved in this motion, is that of the validity of an order of a single judge of this court staying the issue or filing of a remittitur. Rule 16 of this court provides that either of the judges may make orders to stay proceedings, which, when served with papers and notice of motion, shall stay the proceedings according to the terms of the order; and it is claimed on the part of the respondents that under this rule the order made in the present case staying the filing of the remittitur was not operative, for the reason that motion papers and notice of motion were not served therewith.
It has long been the practice in this court for a *113 single judge to stay the remittitur or the filing thereof without reference to this rule.
Cases sometimes occur in which the power sum- . marily to grant such a stay is essential to prevent injustice.
In the absence of such a power the court might lose jurisdiction of a case, and thus render irremediable any oversight which may have happened.
Such orders have frequently been granted on the mere suggestion of counsel, and the knowledge of the case derived by the judge from the argument. They may be necessary for the very purpose of affording to the applicant an opportunity to prepare papers, and move the court for the correction of its judgment in matters of detail, or for such other relief as the case may demand. If the order thus granted could not be effectual until the motion papers were prepared and served therewith, the remittitur might in the meantime be regularly filed, and this court thus lose its jurisdiction over the case. This court therefore exercises control over its own remittitur, and recognizes the power of either of the judges to stay it, in whosesoever hands it may be before it is actually and regularly filed in the court below. If this power could not be exercised by a single judge it would be impracticable to stay the filing of a remittitur when the court is not in session.
Rule 16 is' applicable to general stays of proceedings by the parties in this court in causes pending here. After having given full consideration to' the subject the court is of opinion that the rule is not applicable to an order temporarily staying the filing of the remittitur, and that the order of any one of the judges for that purpose is valid and operative, though not accompanied by motion papers or notice of motion.
Until actually and regularly filed, the remittitur is under the control of the court, and it has power to direct as to the disposition to be made of it, even *114 though it may have been entrusted to the attorney of the party for the purpose of being transmitted to and filed in the court below.
In Murray v. Blatchford, 2 Wend., 221, the court of errors retained jurisdiction of the cause and corrected its decree, though the remittitur had actually reached the hands of the register in chancery and was in his possession, and had been by him marked filed, the chancellor having ordered that the mark of filing be struck out and the filing suspended. Whenever there is any irregularity either in the entry of the order of this court, or in remitting the proceedings to the court below, the court does not lose jurisdiction (Legg v. Overbaugh, 4 Wend., 188; Waters v. Travis, 8 Johns., 566 ; McFarlan v. Watson,* 4 How. Pr., 128).
The affidavits on this motion leave it somewhat in doubt whether there ever was any actual filing of the remittitur; but if actually filed such filing was irregular, being in violation of the stay which was was exhibited at the time the remittitur was offered to the clerk for filing. The fact that the clerk took the paper into his hands and immediately on being served with the stay refused to file it, and tendered it back to the party offering it, constituted no filing. It does .not even appear that he marked it filed. The position assumed in this respect shows an attempt to evade the stay, but is not worthy of serious consideration. The counsel for the respondent. and his managing clerk now assert that there has been no other filing. This shows that there can have been no filing since the stay expired, *115 therefore there is no legal impediment to our entertaining the motion for a reargument.
[Remarks as to the reasons for denying the motion for reargument, and as to the charge of contempt in endeavoring to file the remittitur are here omitted; the learned judge concluding as follows:]
As they [the attorneys] swear that no contempt was intended, and that they believed that the order of stay was not operative until served with papers and notice of motion, and as the language of Rule 16 and the decision of Chief Justice Robertson in Lawrence v. Bank of the Republic, 6 Robt., 497, afford some color for that view, and no actual injury has resulted from their proceedings, we have concluded that the case does not call for any action of the court on that branch of the motion.
The motion should be denied, without costs.
All the judges concurred.
Motion denied, without costs.

 In this case the court did not, as stated in the report, decide that a remittitur was not proper on the dismissal of an appeal (Langley v. Warner, 2 Code R., 97). The remittitur there was irregular because on dismissal of an appeal from an order, it remitted the record of the aecompaning appeal from a judgment; and such an irregular remittitur, though actually filed, does not, as shown hy the case in the text, deprive the appellate court of jurisdiction.