THE CENTRAL RAILROAD COMPANY OF NEW JERSEY et al.

*v.*

THE STANDARD OIL COMPANY et al.

After the court had refused a preliminary injunction for the removal of an oil pipe and to prevent its use by defendants, and had discharged an *ad interim* order staying the defendants in the premises, and an appeal therefrom had been taken and was pending, an application to this court to continue such *ad interim* order, merely on the ground of the appeal, was denied.

Motion to continue *interim* stay pending determination of appeal.

*Mr. B. Gummere,* for the motion.

*Mr. R. Gilchrist* and *Mr. A. P. Whitehead,* of New York, *contra.*

THE CHANCELLOR.

On the filing of the bill in this cause an order to show cause

why an injunction should not be issued pursuant to the prayer
of the bill, was granted, with an *ad interim* stay prohibiting the
defendants, the oil company, from using the pipe for the convey-
ance of oil. The bill complains that the defendants have with-
out authority invaded and usurped the property and franchises
of the complainant company by laying pipe for the conveyance
of petroleum across the property of the latter, and near and
alongside of a bridge across the railroad, which the complainants
insist was when the pipe was laid, and still is, the property of
the railroad company. The pipe was laid in what is claimed by
the defendants to be the space taken by condemnation by the
municipal authorities of the city of Bayonne, for a public street,
in which space the bridge is. The prayer of the bill is, that the
defendants may be enjoined from interfering with the complain-
ants in the removal of the pipe from the bridge and from over
the railroad tracks, and from interfering with the complainants
by laying, or for any purpose using, any pipe either over, on or
under the complainants' railroad tracks in Bayonne or elsewhere,
or in any manner, for the purpose of laying the pipe, interfering
with or occupying the complainants' railroad; and generally for
other relief. The defendants answered the bill, and the order to
show cause was argued on the pleadings and depositions and
exhibits on each side, and the questions in dispute between the
litigants were very fully and ably presented and discussed on
both sides, and after full and very deliberate consideration the
order was discharged. This, of course, dissolved the temporary

NOTE.—The following cases hold that after an order refusing an injunction,
an application to continue or re-instate such injunction is not maintainable in
the appellate court (*Graves* v. *Graves, 2 Hen. & Munf. 22; Galloway* v. *London,
3 De G. J. & Sm. 59, 11 Jur. (N. S.) 537; Spears* v. *Mathews, 66 N. Y. 127*);
nor does an appeal from such order revive or continue it (*Chegary* v. *Scofield,
1 Hal. Ch. 525; Hicks* v. *Michael, 15 Cal. 107; Wood* v. *Dwight, 7 Johns. Ch.
295; Nacoochee Co.* v. *Davis, 40 Ga. 309; Garrow* v. *Carpenter, 4 Stew. & Port.
336; Brevoort* v. *Detroit, 24 Mich. 322; Dutcher* v. *Culver, 23 Minn. 415; Jew-
ett* v. *Albany Bank, Clark Ch. 59; Hart* v. *Albany, 3 Paige 381; Fellows* v.
*Heermans, 13 Abb. Pr. (N. S.) 1; Blount* v. *Tomlin, 26 Ill. 531*).

The following cases hold otherwise, but in some instances the proceedings
are statutory (*Penrice* v. *Wallis, 37 Miss. 172; Levy* v. *Goldberg, 40 Wis. 308;*

stay contained in it. From the order denying the preliminary injunction the complainants have appealed, and they now move for a continuance of the *ad interim* stay during the appeal. Whether, on the dissolution of an injunction, the court will continue the prohibition pending an appeal from the order, is in the discretion of the court. The 148th and 149th rules of court provide that an appeal from an interlocutory order or decree shall not stay proceedings without an order of this court, or of the appellate tribunal, to be granted on such terms as the court may see fit to impose. And in case of appeal from a final decree, the appeal, if taken in ten days from the filing of the decree, shall operate as a stay of execution, unless this court or the appellate court shall otherwise order; that is, if the appeal be taken within ten days, no execution shall be issued without order, and if not taken within that time, and execution shall have been issued, the appeal will not stay it unless so ordered. In either case, the application, whether for execution or for a stay, is addressed to the discretion of the court, and will be granted only on good cause shown. *Schenck* v. *Conover, 2 Beas. 31.*

"If the court," said the Chancellor (Green) in the case just cited, "in the exercise of this discretion, see that in case the decree should be reversed the party cannot be set right again—if the complainant proceeds to a sale under his execution—there is a strong reason for a stay of execution. If, on the other hand, the stay of execution is unnecessary to protect the rights of the appellant under the appeal and must operate prejudicially to the complainant, the court ought not to interfere."

*Turner* v. *Scott, 5 Rand. 332 ; Bressler* v. *McCune, 56 Ill. 475 ; Yocom* v. *Moore, 4 Bibb 221 ; Pittsburgh R. R.* v. *Hurd, 17 Ohio St. 144; Williams* v. *Pouns, 48 Tex. 141). Whether application for a continuance may be entertained by the chancellor, after an appeal, see Hart* v. *Albany, 3 Paige 381; Sixth Ave. R. R.* v. *Gilbert R. R., 3 Abb. N. C. 53 ; Dutcher* v. *Culver, 23 Minn. 415 ; Haynes* v. *Hayes, 63 Ill. 203 ; Eldridge* v. *Wright, 15 Cal. 88 ; Penrice* v. *Wallis, 37 Miss. 172 ; Helm* v. *Boone, 6 J. J. Marsh. 353). Where a restraining order, granted on a rule to show cause why an injunction should not issue, falls with the refusal of the injunction, it is neither appealable nor revived by an appeal from the order refusing the injunction (Powell* v. *Parker, 38 Ga. 644; Ogle* v. *Dill, 55 Ind. 130 ; see Huntington* v. *Nicoll, 3 Johns. 566 ; Citizens Bank* v. *Walker, 26 Ark. 468).—Rep.*

In the English practice such applications are not, in general, favored, *Eden on Inj. 375 ; 2 Joyce on Inj. 1319, 1320.* In *Monkhouse* v. *Corporation of Bedford, 17 Ves. 380, 382,* Lord Eldon said that the execution of the decree would not be stayed by chancery on appeal unless the court saw that if it should turn out to be wrong the party could not be set right again. In *Walford* v. *Walford, L. R. (3 Ch.) 812,* Lord Justice Sir W. Page Wood, speaking on the subject, says the correct course is to stay proceedings pending an appeal only when the proceedings would cause irreparable injury to the appellant and mere inconvenience and annoyance are not enough to take away from a successful party the benefit of his decree. In this state, in *Van Walkenburgh* v. *Rahway Bank, 4 Hal. Ch. 725,* where the application was to the court of errors and appeals on an appeal from an order dissolving an injunction, for an order in the nature of a temporary injunction retaining the parties and subject matter of the controversy *in statu quo* until the final hearing of the appeal, the court said that the application was addressed to the sound discretion of the court, and that when an injunction has been dissolved by the chancellor, the appellate court, upon appeal from that order, would usually revive the injunction, either (1) upon a pure injunction bill when the whole matter in controversy is the continuance of the injunction, and where, consequently, the whole object of the suit would be defeated if the party were not temporarily restrained by the order of the appellate tribunal ; or (2) where it clearly appears that the intervention of the power of the appellate tribunal is necessary to prevent great and irreparable mischief to the rights of the appellant.

In the case in hand, no material injury is to be apprehended from the refusal to continue the injunction. The pipe had been laid when the bill was filed. The stop order was merely against the use of the pipe for the conveyance of oil until the order to show cause could be heard. No injury from leakage in such use of the pipe is reasonably to be apprehended. Nor is any to be anticipated from the presence of the pipe in case the complainants should desire to raise the bridge. The pipe crosses the air space above the railroad at the same height as the bridge, and

until the railroad company or the receiver shall wish to raise the bridge, it cannot be in their way. If it shall be found to be so when the bridge is to be raised, this court can protect the railroad company's rights, whatever they may be, in the premises. As to the alleged infringement of the complainants' franchise, it does not appear to exist. It is urged, however, that the complainants insist that the oil company has usurped its property, and to permit the latter to continue to do so, is an irreparable injury. But it is a question to be determined whether such usurpation has, in fact, taken place, and, seeing that the pipe had been laid when the bill was filed, and there is no danger to be apprehended from the use of it for the conveyance of oil, nor any inconvenience from its presence in case the complainants should determine to raise the bridge, it is clear that no material injury will arise from the refusal to prevent, before the final hearing, the oil company from using the pipe. There is, in fact, no material injury to be fairly apprehended from the refusal to enjoin *in limine*.

It is further urged, however, that such refusal will inflict irreparable injury on the complainants, because it will render relief more difficult, if not impossible, by reason of the fact that under the license which, as the complainants insist, the refusal substantially gives, the oil company may expend money in the enterprise of which the pipe is part, and thus create complications which equity will regard as obstacles to the granting of the rights of the complainants, while such obstacles will be prevented by a continuance of the stay. But as was said in *Easton* v. *N. Y. & L. B. R. R. Co., 9 C. E. Gr. 49, 59,* in answer to a like suggestion, the oil company will receive no license or immunity from the refusal of the court to interfere with it on the application for a preliminary injunction. After the bill has been filed, and it has been called into court on the charge of invasion and usurpation of the railroad company's property, if the oil company proceeds in the same direction, it must be at its peril. In denying the *interim* interference asked for, the court has not decided that the oil company is in the right in the matters complained of, except so far as the complainants' claim is based on alleged interference with the franchise of carrying goods for tolls.

All that this court has determined is, that there is no ground to justify a preliminary injunction, and that it will wait until the final hearing to see whether it ought to issue its prohibitory mandate. I regard the language of Lord Brougham, in *Walburn* v. *Ingilby, 1 M. & K. 61, 86,* as apposite. The application was to stay, pending appeal from it, the execution of an order for production of books and documents.

"It has been said more than once in this place, that such applications are better made in the House of Lords. And in one of the cases, Lord Eldon treated such an application as a misapprehension of the party's proper course, on the ground that the chancellor's order refusing to stay might itself be appealed from, and so on without end. He added, as another reason, that the court of appeal has the power of protecting the party in the possession of the judgment against any vexatious delay consequent on the stay, by advancing the cause where it has been decided fit to grant the application. * * * I had every inclination, originally, to grant this application; and if, on conferring with others whose experience gave great weight to their opinions, I had found that any doubt was entertained upon the matter of the order or of this motion, I should probably have stayed the execution. But even then I am not sure that I should have done right; for certainly it would be giving encouragement to vexatious appeals upon a large class of the business which occupies these courts. Indeed, were this motion granted upon the allegation that refusing it will enable a party to do something which cannot be undone, or to obtain some advantage which can never afterwards be wrested from him, it is impossible to conceive any case of an order for paying money out of court, for dissolving an injunction for appointing a receiver, in which the same ground existing much more plainly, the same course must not be pursued, and thus the very cases where it is of the most essential importance that speedy execution should take place, the very cases in which this court possesses its peculiar jurisdiction because of that urgent necessity, will be those in which the argument for suspending execution will be most powerful. In other and better words, in the language of Lord Eldon, the arm of the court will indeed be palsied."

If the order complained of were an order dissolving an injunction, and the bill be regarded as a pure injunction bill, the stay would not be continued unless, in the language of the court in *Van Walkenburgh* v. *Rahway Bank,* the object of the suit would be unavoidably defeated if the defendant were not immediately restrained, or it clearly appeared that the intervention of the power of injunction was necessary to prevent great and irreparable mis-

chief to the rights of the complainants.    I do not see that the
object of the suit will be defeated, or irreparable injury be done
to the complainants, if the stay be not continued.

But in addition to the foregoing considerations, there is another
which is entirely conclusive in this case.    The complainants have
never been in possession of any judgment of this court in favor of
their claim to interlocutory interference.    No injunction was
granted to them.    On the filing of their bill they obtained not an
injunction, but an order to show cause why an injunction should
not be issued.    The *interim* stay before mentioned, prohibiting the
oil company from conveying oil by the pipes, was indeed incorpo-
rated in the order; but it was granted only to give the court
opportunity, without prejudice to the rights claimed by the com-
plainants by the delay necessary for the inquiry, to inquire, on
notice, whether there ought to be any preliminary injunction or
not, to enable the court to be careful and circumspect and regardful
of the rights of both parties in the use of the injunction power.
The fact of the granting of such a stay can give the party obtain-
ing it no claim whatever to a continuance of it in case of refusal
to enjoin and an appeal from the order of refusal; for it is granted
only pending preliminary inquiry.    It is merely a prudential
interference, limited to the time when the court shall have reached
a conclusion as to the propriety of granting an interlocutory
injunction.    It appears to me too obvious to admit of any dispute
or argument, that it is the duty of the chancellor in such a case,
where he concludes on such inquiry that there should be no pre-
liminary injunction, to refuse to continue the stay.    If the argu-
ment of the complainants on this point is well founded, such a
stay, though followed by the clearest conviction on the part of
the court, after hearing the order to show cause, that an injunction
ought not to be granted, must be continued because of the mere
fact of the taking of an appeal by the complainants.    This would,
in effect, be putting into the complainants' hands, to a certain
extent at least, the power of continuing the stay.    The true
ground is, that the question whether the stay shall be continued
or not is addressed to the discretion of the court, and the fact
that the complainants have appealed from the order discharging

it, gives them no right whatever to its continuance, and in no way and to no extent whatever binds the court to continue it. In the case under consideration there is no ground for continuing the stay. The motion, therefore, will be denied with costs.