BOARD OF COMMISSIONERS OF MERRICK COUNTY, PLAINTIFF IN ERROR, v. SAMUEL BATTY, DEFENDANT IN ERROR.

1. **County Commissioners:** CONTRACTS. County commissioners are required by law to hold their sessions at the county seat, and they have no authority to enter into contracts in relation to county business at any other place.

2. **Roads:** CONTRACTS. Contracts for the permanent improvement of roads must be let to the lowest responsible bidder.

3. ———: ———. The precinct of C., in M. county, in the year 1876 voted and issued bonds to the amount of $8000, to construct a toll bridge across the Platte river. Afterwards the county commissioners donated about $3000 to complete the bridge upon condition that it should be free. The commissioners visited the precinct of C., some distance from the county seat, and examined the bridge, and informed one B. that if he graded the approaches his account would be paid, but failed to enter into any contract with him for that purpose while in public session as a board. *Held*, That the county was not liable.

ERROR to the district court for Hall county. Tried below before POST, J.

*J. W. Sparks* and *A. Ewing*, for plaintiff in error, cited Gen. Stat., secs. 10, 34, 39, chapter 13. Dillon Mun. Corp., sec. 373, note 1; sec. 388, note 1. *Follmer v. Nuckolls County*, 6 Neb., 204. *Ohio v. Yeatman*, 22 Ohio State, 546. *Bradford v. The State*, 7 Neb., 109. *S. C. & P. R. R. v. Washington Co.*, 3 Neb., 42. *The People v. Commissioners*, 4 Neb., 157.

*Whitmoyer, Gerrard & Post*, for defendant in error.

Corporations will not be permitted to avail themselves of the plea of *ultra vires* to defeat an action on an *executed* contract, *i. e.*, one on which the other party has fully relied in expending his money and performing labor, and this wholesome rule is applicable alike to private and municipal or public corporations. Nor do we understand that there is any conflict of authority on this point. We are aware that there are cases which may at a glance seem to conflict with the foregoing, but a careful reading will show the mistake. Dillon on Mun. Corp., sec. 388. *Clark v. Dayton*, 6 Nebraska, 192. *Follmer v. Nuckolls County*, Id., 204. *San Francisco Gas Co. v. San Francisco*, 9 Cal., 453. *Argenti v. San Francisco*, 16 Cal., 255. *Pixley v. R. R. Co.*, 33 Cal., 183. *Fisher v. Trustees of School Dist.*, 15 Barb., 323. *State Board of Agriculture v. R. R.*, 47 Ind., 407. *Kneeland v. Gilman*, 24 Wis., 39. *Duncombe v. City of Fort Dodge*, 38 Iowa, 281. *City of Memphis v. Brown*, American Law Register, N. S. Vol. II., 629. *Cincinnati v. Cameron*, 33 Ohio State, 362. Field on Corporations, sections 262–269. *Moore v. Mayor*, 73 N. Y., 238. Green's Brice's Ultra Vires, notes to pages 373–5. *Bigelow v. Perth Amboy*, 1 Dutcher, 297. *McPher-*

*son v. Foster*, 43 Iowa, 64.   *Miner's Ditch Co. v. Zellerbach*, 37 Cal., 578.

MAXWELL, CH. J.

In 1876 Clarksville precinct, in Merrick county, voted and issued bonds to the amount of $8,000 for the purpose of building a bridge across the Platte river, the proposition submitted to the voters, containing provisions that the bridge should be a toll bridge and for the appointment of a commission to construct and take charge of the same.   The defendant in error was a member of this commission, which, as it was a body unauthorized by law, it is unnecessary to notice further.   The precinct bonds being insufficient to construct the bridge, notes to the amount of about $1600 were obtained from citizens of Polk county, each one giving a note to be credited on bridge tolls, to the amount of his note.   About this time application was made to the board of county commissioners of Merrick county, for assistance, to complete the bridge, and aid to the amount of about $3000 was given at various times by said commissioners, upon condition that the bridge was to be free.   This sum seems to have been sufficient to complete the bridge.   A large amount of grading for the approaches was still necessary to be done, which was performed by the defendant in error, the sum charged therefor being $937.82; and also the further sum of $425 for repairing grade where it had been washed out.   A claim is also made for the sum of $52, for the erection of a small bridge across a channel washed out by the river.

These claims were rejected by the board of county commissioners in the year 1878.   On appeal to the district court of Merrick county the jury failed to agree.   A change of venue was then granted to Hall

Merrick County v. Batty.

county, where, on the trial of the cause, a verdict was rendered in favor of the defendant in error for the sum of $1656.50. A motion for a new trial having been overruled, judgment was rendered on the verdict for the amount thereof. The plaintiff in error brings the cause into this court by petition in error.

It is conceded on the argument that the verdict and judgment are for too large a sum, and an offer was made by the defendant in error to remit therefrom the sum of $100.

The only question to be considered in this case is, does the record disclose a valid contract with the board of county commissioners of Merrick county for the performance of said labor? And that question we must answer in the negative. It appears that the commissioners met at Clarksville, away from the county seat, and authorized the defendant in error to perform this labor; but there is no evidence of their having entered into a contract with him at any authorized meeting of the board for the performance of the same.

Section 11 of the "act concerning counties and county officers," approved February 27, 1873 [Gen. Stat., 234], provides that "the county commissioners shall meet and hold sessions for the transaction of county business, at the court-house in their respective counties, or at the usual place of holding sessions of the district court, on the first Tuesday in January, April, July, and October of each year, and may adjourn from time to time." There is also a provision for calling special sessions of the board by the county clerk, when the interests of the *county* demand it. The commissioners therefore must transact county business at the county seat, and are absolutely without authority to enter into contracts at any other place. The action of the commissioners therefore, at Clarksville,

was without authority of law, and void. It is conceded that the contract made at Clarksville with the defendant in error is a nullity of itself, but it is insisted that the commissioners ratified the same while in public session at the county seat. How far a board of commissioners can ratify such action it is unnecessary to determine, as, in our opinion, the evidence entirely fails to show a ratification.

The law in force at the time this contract is said to have been made required contracts for the permanent improvement of roads and bridges to be let to the lowest responsible bidder. *The People v. Coms. of Buffalo Co.*, 4 Neb., 150. *Follmer v. Nuckolls Co.*, 6 Id., 204.

The evident purpose of this law was to protect the interests of tax payers, and prevent favoritism, partiality, and fraud, by inviting competition, and placing bidders upon an equality in making their bids. In the case at bar the defendant in error seems to have performed the grading in a satisfactory manner, and the price charged does not appear to be unreasonable; but the record fails to disclose such a contract as can be enforced against the county. In fact, the claim against the county seems to have been an after thought, as suits were brought by the defendant in error upon the notes heretofore referred to, given by citizens of Polk county, which actions failed. The items for repairing the wash-out may perhaps rest upon a different foundation. If there was in fact a public road at that place at that time, either by dedication or location, and the repairs were absolutely necessary to preserve the property of the county, or to open a public thoroughfare, temporarily obstructed, and in an impassable condition, perhaps such facts can be shown as would entitle the plaintiff in the court below to recover for this; but the record does not contain sufficient evidence to sustain the verdict; and there not being

sufficient evidence to sustain the verdict, it is unnecessary to review the instructions.

The judgment is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.