THE STATE, EX REL. FORREST L. WHEDON, V. THE BOARD OF COUNTY COMMISSIONERS OF YORK COUNTY.

1. **Counties: BIDS FOR SUPPLIES.** All bids for books, blanks, and stationery, for supplies for county officers must be filed with the county clerk on or before the first day of January. The commissioners have no authority to consider a bid filed thereafter.

2. ———: ———. Bids must substantially conform to the advertisement, and should specify the price at which articles will be furnished. A bid to furnish articles "at what it cost to lay them down" is too indefinite and no award can be made thereon.

3. ———: ———. The omission of two articles of insignificant value, *held*, Not to invalidate a bid otherwise in proper form.

ORIGINAL application for mandamus.

*George B. France*, for the relator.

*W. T. Scott*, for respondents.

MAXWELL, J.

This is an application for a mandamus to compel the de-

fendants to award to the relator the contract for furnishing the county officers of York county with blanks and stationery for the year 1882, upon the ground that he is the lowest bidder therefor.

It appears from the record that in December, 1881, the county clerk of that county published an advertisement, of which the following is a copy:

"County clerk's estimate of books, blanks, and stationery required for the York county officers during the coming year, and which by law are not required to be furnished by the state.    This December 14th, 1881.

### "BOOKS.

1 docket for office of county judge.

1 index for office of county judge.

2 mortgage records for office of county clerk.

2 deed records for office of county clerk.

1 index chattel mortgages for office of county clerk.

### "BLANKS.

1000 full sheet blanks indorsed, for office of clerk of district court.

1000 half sheet blanks indorsed, for office of clerk of district court.

400 full sheets, appraisals, for office of sheriff.

300 full sheets, returns to execution, for office of sheriff.

100 full sheets, orders of sale, for office of sheriff.

50 half sheets, petit jurors, for office of sheriff.

40 half sheets, grand jurors, for office of sheriff.

500 half sheets, summons and subpœna, for office of sheriff.

2000 quarter sheet blanks for office of county judge.

2000 half sheet blanks for office of county judge.

9 sets of poll books for office of county clerk.

### "STATIONERY.

4 reams legal cap paper for office of clerk of district court.

1000 letter heads for office of clerk of district court.

500 official envelopes for office of clerk of district court.

500 small envelopes for office of clerk of district court.

2 gross rubber bands assorted, for office of clerk of district court.

4 dozen lead pencils for office of clerk of district court.

1 gallon Arnold's ink for office of clerk of district court,

4 bottles red ink for office of clerk of district court.

12 sheets blotting pad for office of clerk of district court.

2 dozen penholders for office of clerk of district court. .

1 rubber eraser for office of clerk of district court.

1 knife eraser for office of clerk of district court.

2 gross of steel pens for office of clerk of district court.

3 bottles of mucilage for office of clerk of district court.

3 boxes McGill's paper fasteners for office of clerk of district court.

500 small envelopes for office of sheriff.

100 official envelopes for office of sheriff.

½ ream legal cap paper for office of sheriff.

¼ ream letter paper for office of sheriff.

½ gallon Arnold's ink for office of sheriff.

1 gross steel pens for office of sheriff.

2 dozen lead pencils for office of sheriff.

1 dozen pen-holders for office of sheriff.

1 rubber eraser for office of sheriff.

1 bottle of mucilage for office of sheriff.

2 reams legal cap paper for office of county judge.

1 dozen lead pencils for office of county judge.

1 dozen pen holders for office of county judge.

½ gallon Arnold's ink for office of county judge.

1 rubber eraser for office of county judge.

1 gross of rubber bands for office of county judge.

2 boxes McGill's paper fasteners No. 2, for office of county judge.

2 boxes eyelets No. 2, for office of county judge.

1 dozen sheets of blotting pads for office of county judge.

2 bottles mucilage for office of county judge.

2 dozen congress ties for office of county judge.

500 court wrappers for office of county judge.

500 small envelopes for office of county judge.

500 official envelopes for office of county judge.

1 inkstand for office of county judge.

2000 small envelopes for office of county treasurer.

1000 official envelopes for office of county treasurer.

1000 letter heads for office of county treasurer.

1 ream legal cap paper for office of county treasurer

4 reams legal cap paper for office of county clerk.

1000 letter heads for office of county clerk.

500 official envelopes for office of county clerk.

500 six inch envelopes for office of county clerk.

2 gross rubber bands for office of county clerk.

2 dozen pen-holders for office of county clerk.

3 gross steel pens for office of county clerk.

1 gallon Arnold's ink for office of county clerk.

6 bottles red ink for office of county clerk.

12 sheets blotting pads for office of county clerk.

3 gross paper fasteners ( McGill's) for office of county clerk.

"The furnishing of the foregoing books, blanks, and stationery will be let in separate contracts to the lowest competent bidder, who shall give bonds for the faithful performance of his contract, with at least two good and sufficient sureties, residents of the state. Said bond to be approved by the county board.

"Separate sealed bids will be received at the office of county clerk up to 4 o'clock P. M., Jan. 1st, 1882. Bids to be endorsed upon the covering, " Bid for books," "Bids for blanks," as the case may be, and the bidder's name. The right to reject any and all bids is reserved.

[L.S.]                    .        "J. A. EATHERLAY,
                                        "County clerk."

On the 31st of December, 1881, the relator filed the

following as a sepa-rate and sealed bid with the clerk of said county:

"*To the Board of County Commissioners of York County, Nebraska.*

"GENTLEMEN : Responding to the invitation for bids for furnishing blanks required for the use of the county officers during the ensuing year, as published by the county clerk, of date December 14th, 1881, I hereby agree to furnish York county, Nebraska, with the supplies hereinafter named, in the amount set opposite each item ( or so much thereof as shall be required) for the prices set opposite each item. taking as my pay therefor county warrants upon the county general fund, whenever the same may be paid according to law, viz. :

| | |
|---|---|
| Full sheet blanks, endorsed, per 100 .............. | $1.50 |
| Full sheet blanks not endorsed, per 100 ......... | 1.25 |
| Half sheet blanks endorsed, per 100 ............ | 1.25 |
| Half sheet blanks not endorsed, per 100 ........ | 1.00 |
| Quarter sheet blanks endorsed, per 100 ......... | 1.00 |
| Quarter sheet blanks not endorsed, per 100 ..... | 75 |
| Nine (9) sets poll books, per set .................. | 2.25 |

Dated this December 31st, 1881.

"F. L. WHEDON."

And also one separate sealed bid for furnishing stationery as follows:

"*To the Board of County Commissioners of York county, Nebraska.*

"GENTLEMEN: Responding to the invitation for bids for furnishing stationery required for the use of the county officers during the year 1882, as published by the county clerk, of date December 14th, 1881, I hereby agree to furnish York county, Nebraska, with supplies hereinafter named, in the amount set opposite each item ( or so much thereof as shall be required) for the prices set opposite each item, taking as my pay therefor county warrants upon the

general fund whenever the same may be paid according to law, viz:

| | |
|---|---|
| Red ink per bottle | $ .25 |
| Rubber erasers each | .10 |
| Official envelopes printed, 10 inch, per 1000 | 5.00 |
| Envelopes 6 in. or 6½ in., per 1000 | 3.50 |
| Letter heads printed, 14 ℔s. to r'm. per 1000 | 4.00 |
| Legal cap, 14 ℔s. to r'm., per ream | 4.50 |
| Rubber bands, assorted, per gross | 1.75 |
| Pen-holders, per gross | 1.75 |
| Lead pencils, per gross | 1.50 |
| Steel pens, per gross | 1.00 |
| Arnold's writing fluid, per gallon | 4.00 |
| McGill's paper fasteners, per box | .50 |
| Drawer envelopes, each | .25 |
| Congress tie envelopes, each | .15 |
| Court wrappers, per 100 | 2.00 |
| Note paper, per ream | 1.75 |
| Blotting pads, per quire | 1.00 |
| Postal cards printed, per 100 | 1.50 |
| Eyelets, per box | 1.00 |
| Mucilage, per bottle | .25 |

"Dated this December 31st, 1881.

"F. L. WHEDON."

Also the following bid for printing:

"*To the Board of County Commissioners of York County Nebraska,*

"GENTLEMEN : The undersigned, publisher and proprietor of the York Tribune, a newspaper of large circulation in York county, Nebraska, published in the city of York, York county, Nebraska, hereby agrees and offers to publish the full proceedings of the board of county commissioners at one half cent per line; the proceedings of the board of equalization at one half cent per line, and write my own copy. I also agree to publish all notices of election, court

notices, and such other advertisements as the county board may require printed, the copy being furnished me, at two cents per line.

"Dated this December 31st, 1881.

"F. L. WHEDON, Publisher York Tribune."

On the 10th day of Jan., 1882, Morgan, McClellan & Dayton, filed in the office of the clerk of said county, the following propositions:

"YORK, NEBRASKA, Jan. 10, 1882.

"BIDS FOR BLANKS.

1700 full sheet blanks, per hundred ............... $2.25
3590 half sheet blanks, per hundred ............ 1.50
2000 fourth sheet blanks, per hundred ........... 1.00

"We will furnish all other blanks not enumerated in the above list, such as poll books, etc., at just what it costs to lay them down."

"BIDS FOR STATIONERY.

4000 letter heads, per thousand .................... $5.00
2000 official envelopes, per thousand ............ 5.75
4000 commercial envelopes, per thousand ........ 4.00

"We will furnish all other stationery not listed in the above bid, at what it costs to deliver the same to the county. We will print all legal publications at the rate of 5 cents per line for each insertion. We will publish the proceedings of the board of equalization for two cents per line. Provided the above contract is awarded us, we will publish the commissioners' proceedings free of charge.

"MORGAN, McCLELLAN & DAYTON."

The defendants awarded the contract for furnishing blanks, stationery, and the county printing to Morgan, McClellan & Dayton, and required them to give bond in the sum of $1000.00, which they have done. It is conceded that the cost of furnishing blanks, books, and stationery to the officers of York county per year exceeds the sum of

$200.00. No objection is made to the bond of the parties for the fulfillment of the contract, so that the only question to be determined is the proper construction of the statute requiring the contract to be let to the lowest bidder.

Sec. 149 of "An act concerning counties and county officers," approved March 1, 1879, (Laws of 1879, 392–3) provides that: "In all counties where the cost of furnishing the officers with books, blanks, and stationery shall exceed the sum of $200.00 per year, the supplies for such purposes shall be let in separate contracts to the lowest competent bidder, who shall give bond for the faithful performance of his contract with at least two good and sufficient sureties, resident of the state. The bond required by this section shall be approved by the county board, and the sureties therein shall justify in the same manner as sureties on official bonds."

Sec. 150 provides that: "It shall be the duty of the county clerk, on or before the first day of December, annually to prepare separate estimates of the books, and blanks, and stationery required for the use of the county officers during the coming year, and which by law are not required to be furnished by the state, and during the first week in December he shall publish a brief advertisement in one newspaper published in his county, stating the probable gross number of each item of books, blanks, and stationery required by such county during the year following the first day of January next ensuing, and inviting bids therefor, which bids shall be filed with said clerk on or before the said first day of January."

Sec. 151 provides that: "The county board shall, at their first meeting in January in each year, open said bids, and award the contract for the furnishing of all such books, blanks, and stationery as may be required by county officers, to the lowest bidder competent under the provisions of this subdivision, and who complies with all its provisions: *Provided*, that the county board may reject any and all bids."

Sec. 152 provides that: "The account for books, blanks, and stationery furnished under said contract shall be audited and paid as other accounts against the county, and no county board or other officer shall procure any such books, blanks, and stationery from any person other than the contractor or his assignee, during the existence of such contract, and no account therefor shall be paid by the county."

Bids are to be filed on or before the first day of January. Is this language mandatory or merely directory? The language is: "Shall be filed with said clerk on or before the 1st day of January." We have no doubt the provision is mandatory. It is a limitation upon the right to receive bids, and there is no authority of the clerk to receive, or the commissioners to consider, bids filed after that date.

The bid of Morgan, McClellan & Dayton therefore was filed out of time, and the commissioners had no authority to consider it.

*Second.* The supplies shall be let in separate contracts to the lowest bidder who shall give bond, etc. That is, there shall be distinct propositions for books, blanks, and stationery. These propositions should distinctly specify the kind and quality desired, and if possible the commissioners should provide samples as a basis on which to make the bids, so that all be made on the same basis. The object of the law is to invite competition and prevent favoritism and fraud. And this can be best accomplished by placing all bidders on equality in making their bids. The bid of Morgan, McClellan & Dayton also fails to respond to the advertisement. After stating what they will furnish full, half, and quarter blanks for per hundred, they say they will furnish all other blanks not enumerated "at just what it costs to lay them down." And in the bids for stationery, after stating what they will furnish envelopes for per thousand they say they will furnish all other stationery not listed "at what it costs to deliver the same to the county." This is too indefinite to justify the commissioners in mak-

7

ing an award upon it. A bidder must state the price at which he will furnish the articles desired—not to state that he will furnish the articles at cost, but what the cost will be. The bids in question do not conform to the law and should have been rejected on that account.

The bids of the relator substantially comply with the law, The bid for blanks, while not particularly enumerating the several kinds of blanks advertised for, yet covers the entire list. The bid for stationery includes all the articles advertised for, except one knife eraser and bottle of ink. A bid should respond to the advertisement and embrace all the articles therein named; but these articles omitted are insignificant in value and undoubtedly were overlooked in making out the bid; and no particular objection is made by the defendants on that ground. While the presumption is that the defendants acted in good faith in letting the contract in the manner they did, the statute points out their duties and the manner of performing the same, and this mode is exclusive. The object of the law is to protect the public against collusive contracts and prevent favoritism. A peremptory writ of mandamus will issue as prayed, upon the relator executing a good and sufficient bond for the performance of said bids.

JUDGMENT ACCORDINGLY.