THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY v. L. J. WEBB.

COUNTY BOARD — *Void Contract.* Where a contract is entered into between two members of the board of county commissioners on the one side and an individual on the other side, outside of their county and without any previous authority having been given by the board, and such contract has never been ratified by the board, *held,* that it is void.

*Error from Hamilton District Court.*

THE opinion states the case.

*George Getty,* for plaintiff in error.

*Webb & Lindsay,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This controversy grows out of a proceeding originally instituted by the defendant in error, L. J. Webb, before the board of county commissioners of Hamilton county. On December 12, 1887, Webb filed with the county clerk and the board of county commissioners of Hamilton

county his claim against the county for $1,000, based upon an alleged contract attached thereto, dated November 6, 1887. This claim was finally rejected by the board, and Webb appealed to the district court, where, on February 1, 1889, the case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff, Webb, and against the defendant, the board of county commissioners, for the sum of $1,070, and costs of suit; and the defendant, as plaintiff in error, brings the case to this court for review.

Many questions are presented to this court, among which is the question of the validity of the contract upon which the plaintiff below, Webb, bases his claim. It purports to be a contract between the board of county commissioners of Hamilton county and Webb, employing him as an attorney and counselor at law to perform legal services in certain cases pending in the supreme court, and agreeing to pay him therefor the sum of $1,000. It appears, however, conclusively from the evidence in the case that the contract was not made by the board of county commissioners, nor in legal session, nor at the county seat, nor in Hamilton county, nor by all the members of the board, nor in the presence of the county clerk or county attorney; but it was made by only two members of the board, at the city of Topeka, and these two members made the contract without any previous authority from the board, and the contract has never been ratified, confirmed or recognized as legal or valid by the board. Such a contract is of course void. (*Merrick Co. v. Batty*, 10 Neb. 176; *P. & F. R. Rly. Co. v. Comm'rs of Anderson Co.*, 16 Kas. 302; *Comm'rs of Anderson Co. v. P. & F. R. Rly. Co.*, 20 id. 534; *Aikman v. School District*, 27 id. 129; *Mincer v. School District*, 27 id. 253; *Sullivan v. School District*, 39 id. 347.)

As the aforesaid contract was and is void, and as the case was tried by the court below upon the theory that the contract was entirely valid, it follows that the judgment of the court below must be reversed. But it does not follow, however, that the plaintiff below, Webb, is entirely without remedy, or that he cannot recover anything for any of his services. The tend-

ency of the courts and others at the present time is to treat corporations, including municipal corporations, with respect to their business transactions, about the same as the courts and others treat individuals; and where a corporation, municipal or otherwise, has received benefits from others, upon contracts *ultra vires* or void because of some irregularity or want of power in their creation, but not void because made in *violation* of express law, or good morals, or public policy, and where the corporation retains such benefits, it must pay for them. (*City of Ellsworth v. Rossiter*, 46 Kas. 237, and cases there cited.) It would seem from the record in the present case, that for some of the services performed by Webb the county cannot possibly be liable, for it would seem that the county had no interest in them, but that they related purely to private matters beween individuals. But as to others of such services it would seem otherwise, and that the county might be liable as for benefits received. (See also *Thacher v. Comm'rs of Jefferson Co.*, 13 Kas. 182.) All these questions, however, may be considered upon a new trial, where the parties may show just how far the county was interested, and how far not, and what benefits the county may have received from the plaintiff's services.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.