# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1904.

LORENZO WOODRUFF V. GEORGE W. WELTON.

FILED JANUARY 6, 1904. No. 13,287.

1. **Counties: CONTRACT.** Unless the statute regulating the letting of contracts for the furnishing of county supplies is strictly complied with, the proceeding and consequent contract will be void.

2. **Injunction: ILLEGAL EXPENDITURE.** A resident taxpayer, without showing any interest or injury peculiar to himself, may enjoin illegal expenditures by a public board or officer.

3. ———: ———. In an action by a resident taxpayer to enjoin an illegal expenditure by a public board or officer, the plaintiff will not be required to show what the amount of the expenditure would have been if the law had been obeyed.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed. Decree for plaintiff.*

*John M. Stewart* and *Thomas C. Munger,* for plaintiff in error.

*James L. Caldwell, Frank M. Hall* and *C. C. Marlay,* contra.

AMES, C.

Sections 149, 150 and 151, article I, chapter 18, Compiled Statutes (Annotated Statutes, 4498-4500), are the following:.

"Sec. 149. In all counties where the cost of furnishing the officers with books, blanks and stationery shall exceed the sum of $200 per year, the supplies for such purposes

shall be let in separate contracts to the lowest competent bidder, who shall give bond for the faithful performance of his contract with at least two good and sufficient sureties, residents of the state. The bond required by this section shall be approved by the county board, and the sureties therein shall justify in the same manner as sureties on official bonds.

"Sec. 150. It shall be the duty of the county clerk on or before the first day of December, annually, to prepare separate estimates of the books, and blanks, and stationery required for the use of the county officers during the coming year, and which by law are not required to be furnished by the state, and during the first week in December he shall publish a brief advertisement in one newspaper published in his county, stating the probable gross number of each item of books, blanks and stationery required by such county during the year following the first day of January next ensuing, and inviting bids therefor, which bids shall be filed with said clerk on or before the said first day of January.

"Sec. 151. The county board shall, at their first meeting in January in each year, open said bids, and award the contract for the furnishing of all such books, blanks and stationery as may be required by county officers, to the lowest bidder competent under the provisions of this subdivision, and who complies with all its provisions; *Provided,* That the county board may reject any or all bids."

In the year 1902 the county clerk of Lancaster county made and filed in his office an estimate of the books, blanks and stationery required for the use of the county officers during the then coming year. Whether the classifications in this estimate were such as to be in compliance with the law is disputed, but in our opinion the question is not material in this case. The only advertisement for bids for the furnishing of the supplies mentioned, which was published by the clerk in that year, was the following:

"On or before January 1, 1903, I will receive sealed bids for the furnishing of supplies the county of Lancaster may

use during the ensuing year, consisting of books, blanks and stationery, to be furnished as per specification on file in my office."

In the light of the decisions of this court in *State v. York County,* 13 Neb. 57, and *State v. Saline County,* 19 Neb. 253, it can not be contended for a moment that this procedure was not entirely void. Notwithstanding this fact, the State Journal Company and the Woodruff-Collins Printing Company both presented bids for the furnishing of the supplies mentioned in the estimate, and a contract therefor was entered into, or attempted so to be, between the county board and the Journal company. The plaintiff, who is a resident citizen and taxpayer of the county, as well as a member of the Woodruff-Collins Printing Company, begun this action against the members of the county board and the State Journal Company to enjoin the performance of the contract or the furnishing of the supplies by the latter named company. Previous to bringing the action, the Woodruff-Collins Printing Company had made an unsuccessful application to the district court for a mandamus to compel the letting of the contract to it. This suit was also dismissed, and the plaintiff prosecutes error. The defendant in error first objects that the connection of the plaintiff with the Woodruff-Collins Printing Company estops him of the exercise of his right, if any, to complain as a citizen and taxpayer. This is an attempt to carry the doctrine of estoppel somewhat beyond its usual limits and, in the absence of authority therefor, we refrain from sanctioning it. The plaintiff and the corporation to which he belongs are, in law, two distinct persons, and mutuality, one of the essential elements of a valid plea of estoppel, is lacking. We are not called upon to criticise the plaintiff's motives, but to ascertain whether he has a cause of action.

Somewhat contradictory to the foregoing contention, the defendant urges that the plaintiff ought not to be permitted to prosecute his suit because it is not shown that he has suffered, or will suffer, any special or peculiar

damage by reason of the conduct of which he complains; but in this jurisdiction the law has long been settled beyond debate that a resident taxpayer, as such, and without proof of peculiar interest or injury to himself, may enjoin the illegal expenditure of money by a public board or officer. *Follmer v. Nuckolls County*, 6 Neb. 204; *Grand Island Gas Co. v. West*, 28 Neb. 852; *McElhinney v. City of Superior*, 32 Neb. 744; *Poppleton v. Moores*, 62 Neb. 851, reaffirmed 67 Neb. 388.

In such cases, says Judge Dillon, 2 Municipal Corporations (4th ed.), sec. 922, the court should regard the action as "in the nature of a public proceeding to test the validity of the corporate acts sought to be impeached, and deal with and control it accordingly." It is evident that, if, in such cases as the present, a taxpayer can not intervene, no one else can except one who is a participant in the illegal proceedings, and who, according to the defendant's first contention, will be estopped from so doing.

Finally, it is insisted that the action ought not to be entertained, because it is not made to appear that the public has suffered, or is in danger of suffering, any injury from the proceeding complained of, it not being shown that, if the statute had been obeyed, a lower bid for furnishing the supplies in question would have been obtained. So to hold would be, practically, to repeal the statute. No one can say what would have happened if something which did not occur had taken place.

It is recommended that the judgment of the district court be reversed and a judgment pursuant to the prayer of the petition be entered in this court.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a judgment pursuant to the prayer of the petition be entered in this court.

REVERSED: DECREE FOR PLAINTIFF.