ELIZA A. DUTCHER, Administratrix, *vs.* GEORGE CULVER and others.

March 21, 1877.

**Appeal from Probate to District Court.**—An appeal to the district court, from an order of the probate court, does not stay the operation of such order while the appeal is pending. Whether it would be competent for the district or probate court to direct a stay of proceedings upon an order of the latter appealed from, *quære.*

Appeal by R. J. Marvin from an order of the district court for Ramsey county, *Simons,* J., presiding, denying his application to be substituted, as administrator, as plaintiff in this action.

*Gilman, Clough & Lane* and *T. R. Huddleston,* for appellant.

*Horn & Billson* and *Harvey Officer,* for respondents.

BERRY, J. The above-entitled action was originally brought in the district court for Ramsey county, by the plaintiff, as administratrix of the estate of Gilbert Dutcher, deceased. After the commencement of this action, and on June 14, 1876, the probate court of Ramsey county entered an order removing plaintiff from administration. On June 26th, following, the plaintiff appealed to the district court from the order of removal, giving the statutory recognizance in the penal sum of $250. While the appeal was pending in the district court, the probate court, on August 15, 1876, entered an order appointing R. J. Marvin administrator *de bonis non.* On August 17th plaintiff appealed to the district court from this order, giving a recognizance as before. On August 18th Marvin qualified, and letters of administration were issued to him. On

August 23d, while both appeals were pending and unde--
termined, Marvin applied to the district court to be
substituted in this action as plaintiff, in his capacity as
administrator, in the place of Eliza A. Dutcher. Upon a
hearing, the district court being of opinion that, by the
appeals, all proceedings in respect to the removal of the
plaintiff and the appointment of Marvin were superseded,
and that therefore Marvin was not entitled to act as
administrator, the application to substitute was denied.
From the order of denial Marvin appeals to this court.

The question presented is whether an appeal to the dis-
trict court, from an order of the probate court, stays the
operation of such order while the appeal is pending.

The statute provides that " an appeal may be taken to
the district court from a judgment or order in a probate
court    *    *    *    upon questions of fact or law, or both,
by the service of a notice on the adverse party, stating the
appeal from the order or judgment, or some specified part
thereof, and by filing a copy of the said notice in the office
of the judge of probate, together with a recognizance
entered into by the party appealing, with one or more sure-
ties to be approved by the judge of probate, conditioned
that the party will prosecute his appeal with due diligence
to a final determination, and pay all costs adjudged against
him in the district court." Gen. St. c. 49, §§ 14, 16. The
determination of the question before us depends upon the
scope and meaning of the word " appeal," as here employed.
Our statute nowhere in terms defines it. Save so far as its
meaning is controlled or influenced by statute, there can be
no doubt that it is properly defined as a proceeding by
which a case is taken from an inferior to a superior tribunal,
the determination of the former thereby vacated or sus-
pended, and the case brought before the latter to be tried
and determined *de novo*. Powell on Appellate Proceedings,
c. 9, *passim*. Is this its ordinary definition so controlled
or influenced by statute in this state that a determination of

a probate court is not vacated or suspended by an appeal therefrom to a district court? As showing that it is used in its ordinary sense, the plaintiff's counsel cites Gen. St. c. 51, § 5, which reads as follows: "When there is a delay in granting letters testamentary or of administration, occasioned by an appeal from the allowance or disallowance of a will, or from any other cause, the judge of probate may appoint an administrator to act in collecting and taking charge of the estate of the deceased until the question on the allowance of the will, or such other question as occasions the delay, is terminated, and an executor or administrator is thereupon appointed; and no appeal shall be allowed from the appointment of such special administrator."

The plaintiff's counsel contend that the language of this section is irreconcilable with the idea that an appeal does not operate to vacate or suspend the determination appealed from. "If," they ask, "the appeal did not suspend the action of the probate court, why should there be any delay in appointing the administrator? Where was the need of the special administrator, during the appeal, if the court go on and appoint the general administrator, notwithstanding the appeal? Why should it be necessary to forbid an appeal from the appointment of a special administrator, if the appeal would not have prevented him from proceeding?" We think that these questions can be fairly answered without an admission of the counsel's position. It is not necessary to attribute the delay in appointing the administrator to a suspension of the action of the probate court by an appeal. There is no reason why a judge of probate may not delay an appointment in exercising a sound discretion upon the circumstances of a particular case—for instance, in the case of a will contested upon the ground that it is forged or invalid. On some other accounts very grave practical reasons may exist why (notwithstanding his allowance of the will) a judge of probate should hesitate to commission the person named as executor, or an administrator

with the will annexed, until the appeal from his allowance is determined. The case may involve large interests; it may be one as to which the judge entertains great doubt, notwithstanding his determination—a case involving a great deal of feeling on the part of opposing parties, and a case in which, as respects the speedy and unembarrassed settlement of an estate, the question as to whether one person or another shall administer is of considerable practical importance. Like considerations are applicable to the granting of letters of administration upon an intestate estate. Instances of delay in granting letters, " from any other cause " than appeal from the allowance or disallowance of a will, may be found in cases in which the delay is occasioned by the illness of the judge, or some other person whose presence or testimony cannot well be dispensed with.

The second question put by counsel is answered by calling attention to the fact that the delay mentioned in the statute is a delay in granting letters—that is to say, in appointing a general administrator or an executor. In that case the propriety of appointing a special administrator is apparent.

In respect to the third question, it is not at all necessary to suppose that the prohibition of an appeal from the appointment of a special administrator rests upon the idea that, if the appeal were not prohibited, he could not have proceeded to act. A special administrator being appointed provisionally, and to serve a temporary purpose, there is manifest good sense and practical wisdom in providing that he shall not be harassed by appeals, upon the same principle upon which it is prescribed by Gen. St. c. 51, § 7, that he shall not be liable to an action by any creditor, or to be called upon in any other way to pay the debts against the deceased.

For these reasons, although Gen. St. c. 51, § 5, has some tendency to support the plaintiff's theory as to the effect of an appeal, we are of opinion that it is by no means

conclusive in her favor, nor irreconcilable with the idea that an appeal does not operate to vacate or suspend the operation of the determination appealed from.

As there appears to be no other provision of the statute specially regulating probate proceedings from which any argument is or can be drawn as to the meaning of the word " appeal," as used in Gen. St. *c.* 49, § 14, we now turn to other portions of the statutes relating to appellate proceedings, for the purpose of ascertaining (if we may) in what sense appeal is generally used in our legislation. Turning first to Gen. St. *c.* 65, title 11, we find that, in all cases of appeals from the civil judgments of justices of the peace, the appellant is compelled to give bond, with one or more sureties, in a sum sufficient to secure the judgment appealed from and costs, conditioned that he shall prosecute his appeal with effect, and abide the order of the court therein. The bond having been approved, all further proceedings on the judgment, before the justice, are suspended. So, in proceedings under the forcible entry and detainer act, (Gen. St. *c.* 84,) an appellant is required to give a bond, with two or more sureties, conditioned to pay all costs of the appeal, and abide the order of the court therein, and pay all rent and other damages justly accruing to the complainant during the pendency of the appeal; and, upon the taking of the appeal, all further proceedings in the case, in the court appealed from, are stayed. Appeals in civil actions, from the district courts to the supreme court, are regulated by Gen. St. *c.* 86. Under the provisions of section 9 an appeal may be taken by executing a bond for costs and charges which may be awarded against the appellant; but, by section 10, to make such appeal, when taken from an order, effectual to stay proceedings thereon, and save rights affected thereby, it is requisite that the appellant, or some one for him, execute a bond, with sureties, conditioned to pay the costs of the appeal, and the damages sustained by the respondent in consequence thereof, and abide and satisfy

the judgment or order which the appellate court may give. By section 11 a like bond is required, in order to stay the execution of a judgment from which an appeal is taken. Analogous provisions for security, where a stay is desired, are found in sections 12, 13, and 14. By section 19 it is enacted that, in cases not specified in sections 11, 12, 13, and 14, the perfecting of an appeal, by giving the bond mentioned in section 9, stays proceedings in the court below upon the judgment appealed from.

These are the principal provisions of our statutes upon the subject of appeals which have any important bearing upon the question under consideration. In civil actions, so far as the places of the appeal in chancery and of the writ of error are filled at all, they are, under our system, filled by a statutory appeal. So far as they are covered at all, then, our appeal covers the case of the former appeal in chancery—which operated to supersede the determination appealed from—and the writ of error in proceedings at law, which had no such operation. This double character appears to be, in some measure, expressly preserved by our statute. Appeals are provided for, both with and without a stay of the proceedings below; but, unless otherwise expressly provided, the rule is that, in order to a stay of proceedings, indemnity against the consequences of the stay must be secured by a bond, the sufficiency of which is to be passed upon by the court or some of its officers.

From all these considerations it appears to us, by a reasonable construction, to follow that, where the statute provides that a party may appeal, no certain inference can be drawn from the term "appeal" alone as to its effect upon the proceedings below; and that, in determining what that effect is, we, therefore, may properly look at the general policy of the law of appeals as furnishing a valuable analogy, (if not exactly *in pari materia*,) and to the practical consequences of giving to the appeal the effect to stay proceedings below, or the contrary effect. Applying this

view to the case, we are of opinion that the appeal from the order of the probate court does not vacate or suspend the operation of the order. To permit it so to vacate or suspend it would be contrary to the general policy and spirit of our law upon the subject of appellate proceedings. To such appeal the statute does not make it necessary for the appellant to indemnify against the injurious consequences of taking it. It requires only a recognizance, conditioned for the diligent prosecution of the appeal, and the payment of costs. The considerations of security, which, in ordinary civil actions, render it proper and necessary that an appellant should indemnify against the consequences of a stay of proceedings upon that from which he appeals, apply with equal force to the orders and judgments of the probate court. As an illustration, take the case supposed by the counsel for Marvin. An administrator of a large estate and his sureties become insolvent. Upon the application of creditors, or others interested in the estate, the administrator is directed by the probate court to execute a new bond, with responsible sureties. Failing to do so, the court makes an order removing him from administration. From this order, which, until reversed, is presumably just and necessary, he appeals. If the appeal operates to vacate or suspend the order of removal, the unavoidable result may be the irretrievable waste and ruin of the estate. Illustrations of a similar tendency might be multiplied to an indefinite extent.

Both, then, upon the analogies of our law, and with reference to the consequences of disregarding them, we are of opinion that an appeal from an order of the probate court does not operate to vacate or suspend the operation of the order appealed from. Whether it would be competent for the probate or district court, in the exercise of a sound discretion, to direct a stay of proceedings upon an order appealed from, it is not now necessary for us to enquire.

Order reversed.