[No. 485.  Decided February 14, 1893.]

FRANK P. BAUM, *Respondent*, v. JOSEPH SWEENY, ROB-
ERT McLACHLAN AND SAMUEL BRITT, *Appellants*.

COUNTY COMMISSIONERS — LIMITATION OF APPEAL — COUNTY PRINT-
ING — NOTICE FOR BIDS — AWARDING CONTRACT.

Sec. 298, Gen. Stat., requiring appeals from an order made by a
board of county commissioners to be taken within twenty days
thereafter, is impliedly repealed by § 119, Code Proc., which pro-
vides that an appeal may be taken from such orders within three
months, as § 119 is the later expression of the legislative will.

The provision of law requiring notice for bids for county print-
ing to be published for a certain time prior to the May session of
the board of county commissioners, is merely directory, and where
the rights of the public have been fully protected, and the bids were
received as fully and completely as if the proper notice had been
given, it is the duty of the board to award the contract to the best
and lowest responsible bidder, who has been the publisher of a
newspaper for at least six months preceding such May session, and
they may be compelled so to do by order of the superior court.

*Appeal from Superior Court, San Juan County.*

*Johnson & Moody*, for appellants.

*I. N. Maxwell*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This was an appeal from an order of the
board of county commissioners awarding a contract for the
county printing of San Juan county, for the fiscal year of
1891, to one J. C. Wheeler, publisher of a newspaper
printed in said county, known as the "Islander." The
respondent, Frank P. Baum, was the publisher of another
paper printed in said county, known as the "San Juan
Graphic," and he took an appeal from said order to the
superior court of said county. The board of commission-
ers moved to dismiss the appeal, because the same was not

taken within twenty days after the making of said order, as is provided by § 298, Gen. Stat. This motion was denied by the court, and judgment being rendered in favor of the appellant, the commissioners appealed from said judgment to this court, and the first ground of error alleged is the refusal of the court below to dismiss the appeal upon their motion made as aforesaid. The respondent here contends that the ruling of the lower court was right, because § 119, Code Proc., provides that an appeal may be taken from such orders within three months.

It is apparent that there is a conflict between these two sections, and the question here is as to which must prevail. Under the decision of this court in *Graetz v. McKenzie*, 3 Wash. 194 (28 Pac. Rep. 331), the section which was passed latest in point of time must be held in force. By reference to the session laws of the state and territory it is found that § 298, limiting appeals in such cases to twenty days, was originally passed January 27, 1863, and that it was substantially reënacted from time to time down to and including November, 1879, the limitation being placed at twenty days within which such appeals might be taken during all of this time. Section 119, authorizing appeals within three months, first makes its appearance in the Code of 1881, and having been the last enactment, it follows that the same must govern, and that the appeal was taken within the requisite time. Therefore, the action of the superior court in refusing to dismiss the appeal was well founded.

The order aforesaid, awarding the contract for the county printing to the publisher of the "Islander," was made on the 15th day of June, 1891, at a session of the board of commissioners then held, the same being an adjourned session from the regular May session of said board. Sec. 2936, Gen. Stat., provides that the contract for county printing shall be let at the May session of the board, and

§ 2937 provides that it shall be the duty of the county auditor, at least five weeks and not more than eight weeks before the meeting of such board at the May term, to advertise for proposals for the public printing for the term of one year, which advertisement shall be inserted for four consecutive weeks in the official newspaper of the county, etc.    This notice had not been published prior to the meeting of the board at its said May session.    Whereupon the commissioners directed a notice to be published that such bids would be received and entertained at the adjourned session of said May term, and that the same would be received up to 10 A. M. of the 15th day of June, 1891.

The facts upon which the cause was tried in the superior court were agreed to by stipulation, and were as follows: That there were but two newspapers published in said San Juan county, being the newspapers before mentioned; that both of them submitted bids for the county printing to the board of commissioners, and that both of said bids were within the limits as to prices prescribed by law.    It further appears beyond question that the "San Juan Graphic" was the only newspaper published in said county for six months preceding the May session of said board, as provided by said § 2936.    The "Islander" had been published in said county for a period of time less than three months prior to the letting of the contract, and was clearly ineligible to enter into such contract.    The bid of the publisher of the "Islander" for such county printing, however, being considerably lower than that submitted by the publisher of the "Graphic," notwithstanding the provisions of the statute, the board of commissioners awarded the contract to the publisher of the "Islander."

Upon this state of facts the superior court entered a judgment setting aside the action of the board of commissioners and directing them to proceed to re-let the contract as provided by law.    This was in effect directing the board to

award the contract to the publisher of the "Graphic." The board of commissioners allege that the action of the superior court was erroneous, because the board had no jurisdiction to act in the premises, in consequence of the notice not having been published at the time required by law, and that the action of the board in awarding the contract to the "Islander" was void. The respondent insists that the board cannot set up their own illegal action and undertake to take advantage thereof. It is well settled, however, that the doctrine of estoppel does not apply as against public officers acting in behalf of the public, but the point is not a material one in this case. The appellants do not seek to justify or uphold their action in awarding the contract to the "Islander," but insist, for the reasons stated, that the superior court had no jurisdiction to render any judgment in the cause, and especially to direct the board to proceed to award the contract.

The determination of this point must depend upon the fact as to whether the failure to publish the notice at the prescribed time was fatal to the jurisdiction of the board. A number of authorities have been cited by appellant as supporting this proposition, but none of them are in point when compared with the facts involved here. Ordinarily, where, as a prerequisite to the letting of the contract, a notice is required to be published, the notice must be published in order to sustain the action of the board in entering into the contract. But in this case everything was accomplished by the publication of the notice at the time it was published that could have been accomplished had it been published previously. It appearing beyond all controversy that there were but two newspapers printed in said county, and that both of these newspapers submitted bids for the county printing, the object of the notice was fully attained.

We do not think that the failure to give notice at the

time prescribed ought to be held fatal.    In fact, where the
bids were received as fully and completely, and the rights
of the public were as fully protected without a notice as
the same could have been with one, it seems to us that the
failure to give any notice would not have been fatal.    It is
the policy of the law that some paper should be designated
for the county printing, and this should not be defeated
upon some mere technical ground where the rights of the
public have in no way been infringed.    The object of giv-
ing a notice in such cases is that bids may be received from
all competent parties in order that the public may get the
county printing done in a desirable paper at the lowest ex-
pense.    While the statute provides that the contract shall
be let to the best and lowest responsible bidder, it stands
admitted here that the bid of the publisher of the "Graphic"
was a competent one in all respects.

The provision of the law requiring the notice to be pub-
lished prior to the May session of the board we think
should be treated as directory, and that the failure to pub-
lish the same at said time should not preclude the board
from thereafter publishing notice.    Matters over which
the board have no control may prevent the giving of the
notice at the time prescribed.    The time is not the essen-
tial thing, but rather that the contract should be let.

In his appeal to the superior court the respondent filed
a paper which he designated as a complaint, setting up the
facts, and the allegations therein were admitted to be true
by the stipulation of the parties.    In this complaint he
prayed that the action of the board in awarding the con-
tract to the publisher of the "Islander" should be set
aside, and that the board should be compelled to proceed
and re-let the contract in accordance with law.    It was
somewhat in the nature of a *mandamus* to the board to
compel them to proceed and award the contract for the
county printing to him, as the publisher of the "Graphic,"

and upon the facts submitted he was entitled to this relief, as the said newspaper was in every way qualified, and the bid was a competent one, and the only possible competent one under the law. So that the board of commissioners had no discretion in the premises in any manner, but simply a ministerial duty to perform, under the facts submitted, to award the contract for the county printing to the publisher of this paper. The board had no right or authority to entertain a bid from the publisher of the "Islander." While this paper might have been otherwise competent and fully as desirable a paper as was the "Graphic," to publish the county printing in, in point of circulation and otherwise, yet the law has prescribed an arbitrary time during which such a newspaper must be published prior to the meeting of the board, and that time was fixed at six months. It is not questioned but that the legislature had authority to make this limitation, and consequently the board at its meeting had nothing to do except to accept the proposition of the publisher of the "Graphic," providing it had any authority at all to award the county printing at that time.

We think it had authority, and that it was its duty to award the contract at said time under the circumstances, and that the order of the superior court in directing them to proceed to award the contract in accordance with the law was in effect directing them to award the contract to the publisher of the "Graphic," which would have been a proper one to have made, the publication of that paper being still continued.

Therefore, the decision of the superior court is affirmed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J., dissents.