[No. 1058.  Decided January 29, 1894.]

THE STATE OF WASHINGTON, *on the relation of Samuel E. DeRackin, Appellant,* v. L. V. ALLEN *et al., Commissioners, Respondents.*

COUNTY COMMISSIONERS — AWARD OF COUNTY PRINTING —
MANDAMUS.

The order of the board of county commissioners in accepting a bid for county printing, under the provisions of §2936, Gen. Stat., does not constitute a contract with the bidder nor conclude the board from rescinding its order and making another award.  (DUNBAR, C. J., dissents.)

Mandamus will not lie to compel the county commissioners to make an award for county printing, as there is an adequate remedy. by appeal from their orders in such cases.

*Appeal from Superior Court, Lincoln County.*

*N. T. Caton,* and *David Higgins,* for appellant.

*C. H. Neal, J. W. Merritt,* and *R. K. McComb,* for respondents.

The opinion of the court was delivered by

HOYT, J.— By this proceeding relator sought to compel the board of county commissioners of Lincoln county to enter into a contract with him for the county printing for the year ending June 30, 1894.   The superior court sustained a demurrer to the alternative writ and petition, and dismissed the proceeding, and from its judgment thereon this appeal is prosecuted.

It appears from the petition contained in the record that the relator had put in a bid in due form for the county printing to be let by the board of county commissioners, as provided in § 2936 of the Gen. Stat.; that on the 4th day of May the board made and caused to be entered of record an order in substantially the following form:

"In the matter of the county printing for the year beginning July 1, 1893:

"The board having examined the various bids for same hereby awards said printing to the Lincoln County *Democrat* as per bid on file with this board, that paper being the best and lowest bidder therefor: *Provided however*, That the proprietor of said paper enter into a contract as required by law for doing the same, and give a good and sufficient bond for the faithful performance of the work."

That the relator was the proprietor of the paper named in said order. It further appears from the record that on the fifteenth day of May, 1893, the board entered another order, which in terms rescinded and repealed the one above set out, and awarded the county printing to another paper. Between the entry of the first order and of the second one relator had tendered to the board of county commissioners several different forms of contracts executed by himself, and asked that one of them be executed by the board of county commissioners. He also tendered a bond, and asked that it be approved. None of the contracts tendered by relator seemed to satisfy the board, and they refused to sign any of them; they also refused to approve the bond.

Two principal questions are presented for our decision: (1) Was the order of May 4th such a final conclusion of the letting of the county printing that the board had no jurisdiction to interfere with said order? and (2), had the relator a remedy by appeal to the superior court?

As to the first proposition, the form of the order entered by the board shows that it did not consider it a final determination of its duties in reference to the award of the printing. The language thereof would warrant the conclusion that the board in making it had only intended to pass upon the question of the relative merits of the bids as such, and had reserved the questions of the responsibility of the bidder and of the exact terms of the contract for

further consideration. If the order should be thus construed, it would follow that the board retained sufficient jurisdiction over the subject matter to rescind the order if, before the contract was entered into or the bond was approved, they came to the conclusion that the relator was not in fact the lowest and best bidder. This would give it jurisdiction to enter the order of May 15th. Not only would it have this jurisdiction by reason of the reservation in the order of May 4th, but, in our opinion, it would have had such jurisdiction, however absolute the form of said order, if the rescission was made before a contract was entered into or anything done to establish the rights of the parties further than the entry of said order.

A fair construction of the section under which the board of county commissioners are required to let the county printing contemplates that there should be a contract entered into, and until this has been done, the order of the board in accepting any particular bid does not constitute conclusive action on its part. If this section were not so construed the advertisement for bids would have to set out all the details necessary in a contract, and before action was taken upon the bids a bond would have to be furnished so that in the order accepting the bid there could also be included an order approving the bond. In our opinion the statute does not contemplate that the bidder shall put in any bond until after an award has been made, and then the successful bidder alone is required to put in a bond. If this be so, it must follow that the acceptance of the bid does not complete the transaction, for something further is required before the statutory provisions have been complied with, to wit, the furnishing and approval of the bond of the successful bidder; and if he does not comply with the order of the board in that regard there can be no doubt that it would have the right to rescind the acceptance of his bid, and proceed under the statute to make another award.

The order of May 15th having been made with jurisdiction, it must have force until reversed by the board itself, or by some revisory power. The proceeding by mandamus can give the court no jurisdiction to reverse or in any manner affect such order if it was entered by the board in reference to a subject matter as to which it still had jurisdiction.

What we have said furnishes sufficient reason for the decision of the lower court, but we are also satisfied that the mandamus was properly denied for the reason that there was an ample remedy by appeal. No satisfactory reason has been suggested upon the argument why the relator might not have availed himself of the provisions of the statute in that regard. That an appeal will lie from orders of this kind was ruled by this court in *Baum v. Sweeny*, 5 Wash. 712 (32 Pac. 778).

The judgment of the superior court must be affirmed.

SCOTT, J., concurs.

DUNBAR, C. J. (*concurring*).—I concur in the result, because I think there was a plain and adequate remedy by appeal, but I do not place the same construction on § 2936 of the General Statutes as do my brothers in the majority opinion. The consideration of the whole section clearly satisfies me that no special contract is therein contemplated and that none should have been demanded of the successful bidder. The specifications are published; the publishers, on the proposition therein contained, base their calculations and make their respective bids; and on those bids the county commissioners make the award, and they are authorized by the statute to take into consideration but one thing outside of the bid. That consideration is the circulation of the papers bidding. The question of responsibility is provided for by the bond. If the required bond is not forthcoming, that ends the consideration of that bidder.

In this case the board passed upon all of these questions. They found that appellant was the lowest and best bidder, and the award was made to him.    An offer was made and accepted.    This, it seems to me, made a complete contract and is the contract, and *all* the contract, contemplated by the statute; and when the appellant provided a good and sufficient bond he had a right to have it approved.    It appears from the argument in this case that the board did not refuse to approve the bond because the bond itself was not ample and sufficient in every way, but because appellant would not enter into such a contract as suited the board concerning work which was not provided for in the bid.    Every character of work must be presumed to have been called for and contemplated in the bid, or else the call for bids amounts absolutely to nothing.    Under such a construction of the law the bidder can make no estimate upon which to base a bid, for it can be plainly seen that the acceptance of the bid will not depend upon the character of the proposition in answer to the call, but will depend upon some private contract which the bidder must make with the commissioners with reference to work not contemplated by the bid, and concerning which there can be no competition.    In other words, the call for bids becomes a farce pure and simple, and the board can let the contract to whom it pleases, and on what terms it pleases, and the law is ineffectual for any purpose whatever.    I prefer to give it a construction which leaves it with some efficacy, and which, it seems to me, is the natural construction to be placed upon the language used.

ANDERS, J. (*concurring*).—It is shown by the record in this case that the relator's bid for the county printing was merely an offer to do certain specific portions of such printing free of charge.    As to other and equally important portions, the proposal was entirely silent.    It, there-

fore, seems to me that he failed to file with the clerk of the board of county commissioners such a bid as the statute contemplates, and that the one he did file was not such as the commissioners could favorably consider and act upon. As the statute requires the letting of the county printing as a whole, to but one person, or rather, to the publisher or publishers of one newspaper, the commissioners were not at liberty to accept a bid for a portion of the printing merely. And this being so, when they formally accepted the relator's proposal on the 4th day of May, they did that which they had no authority to do, and consequently were not bound by that order, and properly disregarded it thereafter.

I am of the opinion, however, that if the relator had filed a proper bid, and such bid had been accepted by the commissioners, the result would have been a binding contract between him and the board; but having failed to do so, he had nothing before the commissioners upon which it was their duty to act. And that fact fully justified them in rejecting the contract and bid tendered by the relator. Irrespective, therefore, of the reasons given in the opinion of Mr. Justice HOYT, I think the judgment of the lower court should be affirmed.

STILES, J.—I concur with Justice ANDERS.