[No. 3503.   Decided May 9, 1901.]

PETER SELDE, JR., *Respondent*, v. LINCOLN COUNTY, *Appellant*.

HIGHWAYS — ESTABLISHMENT BY COUNTY COMMISSIONERS — REVIEW ON APPEAL.

The matter of establishing a road being by Laws 1895, p. 82, left wholly to the discretion of the board of county commissioners, and their action in that respect being the exercise of *quasi* legislative authority, the refusal of the board to establish a road upon petition therefor does not present a question which the superior court can review on appeal, since that court cannot take

cognizance of cases requiring the exercise of other than purely judicial power. (*Hull v. Stephenson*, 19 Wash. 572, distinguished).

Appeal from Superior Court, Lincoln County.— Hon. CHARLES H. NEAL, Judge. Reversed.

*N. T. Caton*, Prosecuting Attorney, for appellant.

*Martin & Grant*, for respondent.

The opinion of the court was delivered by

WHITE, J.—Peter Selde, Jr., presented his petition for the location and establishment of a county road in Lincoln county to the board of county commissioners of that county, accompanying the same with his bond, as required by law, conditioned to pay all costs in the event the road was not established. The board of county commissioners appointed viewers and surveyor to survey the proposed road, and these viewers made their report, and the same was filed with the board. A time was set for hearing thereon, and notice of the same was given to all parties interested. On such hearing the road was rejected by the board, and the costs taxed to Peter Selde, Jr., the principal petitioner, who executed the bond. From the order rejecting the road Peter Selde, Jr., appealed to the superior court for Lincoln county, and in his notice of appeal recites that the board of county commissioners wrongfully refused to establish the road, and rejected the same, and taxed the costs up to said Selde. Said notice further recites that said appeal is taken from all the proceedings had in said road matter, and the whole thereof, and especially from the order that said petition be rejected and all the costs be taxed against the principal petitioner, which was made by the board of county commissioners on July 15, 1899. A motion was filed in the superior court of Lincoln county, by

the attorney for Peter Selde, Jr., in which he asked leave to file his complaint in the matter, and in which he might designate Lincoln county as defendant. This motion was *ex parte,* and the court made an order in the words following:

"This cause coming on *ex parte* to be heard upon the above motion, and after considering the same, Peter Selde, Jr., is hereby allowed to file his complaint in this matter as plaintiff, and to make the county of Lincoln, state of Washington, defendant therein."

A complaint under such order was thereupon filed in said court by Peter Selde, Jr., as plaintiff, against Lincoln county, Washington, E. D. Kellogg, A. E. Stookey, and H. S. McNeily, commissioners of said county, defendants. The complaint, after omitting formal parts, is as follows:

"First. That at all the times herein mentioned the county of Lincoln was and is a duly organized and acting county in and for the state of Washington, and that the commissioners above named were the duly elected, qualified, and acting board of commissioners in and for said county and state.

"Second. That on or about the 1st of March, 1899, the above plaintiff duly presented a petition for the laying out and establishing of a road in said county, which is hereby referred to and made a part of this complaint, which said petition is in all things as required by the laws of the state of Washington, and properly signed, and then and there presented with said petition his bond therefor, which was accepted by said board, which said petition asks that a road be established as described therein.

"Third. That said board approved said petition and duly appointed reviewers thereon, who afterwards viewed said road and filed their report and map of the same, which said report was favorable to the establishing of said road; and said board then and there set July 15, 1899, as the time of hearing said petition, and caused notice thereof to be given to all concerned, and, after ascertaining that

said notice was given after they met on said day to hear said petition, said board heard the same.

"Fourth. That the only question for said board to decide at said hearing is, is the road practicable, and is it of general use and public utility?

"Fifth. That said proposed road is practicable and will be of general use and public utility.

"Sixth. That said board at said hearing wrongfully disallowed said road and taxed the costs to the plaintiff herein, who appealed therefrom to this court.

"Seventh. That in said matter said board made the following order, to-wit: 'In the matter of the petition of Peter Selde, Jr., et al., for the establishing of a county road, the board having heard and considered all the evidence adduced for and against the establishment of said road and being fully advised in the premises, it is therefore ordered that said petition be rejected and all the costs be taxed against the principal petitioner. Dated Saturday, July 15, 1899.' That the plaintiff is the principal petitioner in said petition, and said board made the above order contrary to the law and the evidence adduced at said hearing.

"Wherefore plaintiff prays that said order be reversed, and that said board be by this court ordered to establish said road, and that the costs as taxed against said plaintiff be taxed against the proper party, and for all other relief."

To this complaint a demurrer was interposed on the following grounds: (1) That said complaint does not state facts sufficient to constitute a cause of action, nor sufficient facts to entitle plaintiff to the relief therein demanded. (2) The court has no jurisdiction of the subject-matter, and no authority to hear or determine the matters sought to be adjudicated. This demurrer was overruled. Subsequently the defendant filed a motion to strike plaintiff's complaint from the files, because the same was filed without warrant of law and the court had no jurisdiction to grant the same, which motion, after argument of counsel, was refused by the court. The defendant refused to further plead, and its default was by the court entered. On November 13, 1899, the court called a jury to whom was

submitted the testimony of Peter Selde, Jr., and John Riley, witnesses on behalf of the plaintiff; and two verdicts were found and returned into court, as follows: First, A general verdict in these words: "We, the jury duly impaneled to try the above action, find for the plaintiff." Second, A special verdict in the following words: "We, the jury duly impaneled to try this action, find the following facts fully proven: (1) That the plaintiff in this action was and is the principal petitioner herein, and as such duly presented his petition to said defendant for the construction of a road therein described; (2) that a day certain was set for the hearing of said petition before said commissioners, and the same was wrongfully disallowed by them; (3) that the said road, as petitioned for by plaintiff, is and was a practicable one, of public utility and general use."

While the court was charging the jury, the defendant requested the court to instruct the jury that they had no power to establish a county road, and they must therefore find for the defendant. The court refused this instruction, and indorsed the same as follows: "The county attorney refused to further plead after ruling on demurrer, and took no part in the trial. The court had commenced to charge the jury when this instruction was handed up, and requested that it be given to the jury, which is refused." The court made and entered final judgment as follows:

"This cause coming on to be heard in open court upon application of plaintiff to try this action upon the issue of fact joined herein; and the same being duly set for trial on this the 13th day of November, 1899, as provided by the rules of this court and the law of the state of Washington; a jury of twelve men was called, and accepted and sworn to try the cause; and, after hearing the testimony from the witnesses and the law from the court, said jury returned the following verdict: 'We, the jury duly impaneled to try the above entitled action, find for the plaintiff. P. H. Dolan, Foreman.' And the following special verdict, to-wit: 'We, the jury duly impaneled to try the

above entitled action, find the following facts fully proven:
(1) That the plaintiff in this action was and is the principal petitioner herein, and as such duly presented his petition to said defendant for the construction of a road therein described; (2) that a day certain was set for a hearing of said petition before the commissioners, and the same was wrongfully disallowed by them; (3) that the said road as petitioned for by plaintiff was and is a practical one, of public utility and of general use.  P. H. Dolan, Foreman.'

"Now, on this the 16th day of November, 1899, this cause coming on to be heard upon application of plaintiff for a judgment upon the foregoing verdict, and it appearing to the court that no motion for a new trial had been made by the defendants, and that the time thereof had expired.

"Now, therefore, the said application is hereby granted; and it is ordered, adjudged, and decreed that the road petitioned for by plaintiff and which was refused by defendant, be, and the same is hereby, and the order appealed from by the plaintiff made by the county commissioners of Lincoln county, Washington, as set out and described by plaintiff in his complaint, be, and the same is hereby, revised and set aside; and the said board is hereby ordered and commanded to set aside said order, and enter therein instead an order allowing said road, and they are hereby ordered to make such further orders as is necessary to establish said road, and are expressly ordered to reverse all orders by you made, adjudging cost against this plaintiff; and it is further ordered and adjudged that the plaintiff do have and recover of and from the defendant his cost in this action, taxed at $29, and the clerk of this court is hereby directed to serve a copy of this judgment upon the board of county commissioners in and for Lincoln county, Washington.

"Done in open court this the 16th day of November, 1899."

Proper exceptions were taken by the defendant to the overruling of the demurrer to the motion to strike the complaint, and to the refusal of the court to give the instruc-

tion requested by the defendant, both of which are assigned as errors, together with the assignment that the court erred in submitting to the jury the three questions upon which a special verdict was sought and had. It is also assigned as error that the court erred in assuming jurisdiction to adjudicate the matter submitted in the complaint.

The law establishing boards of county commissioners provides that "Any person may appeal from any decision or order of the board of county commissioners to the superior court of the proper county." The manner of giving notice, bond, etc., on such appeal is pointed out. The law then provides that "The practice regulating appeals from and writs of certiorari to justice's courts shall, *so far as the same may be applicable,* govern in matters of appeal from the decision or order of the board of county commissioners." Bal. Code, § 359. No other regulation is made as to what shall be heard upon appeal. The statute regulating appeals in justice's courts provides that the superior court shall become possessed of the cause, and shall proceed in the same manner, as near as may be, as in actions originally commenced in that court. Bal. Code, § 6758.

There are cases in which the board of county commissioners exercises power conferred upon it, such as passing upon an ordinary claim for damages, or for work done for the county, where an appeal to the superior court from an order rejecting such claims will bring up the matter for hearing *de novo* in that court. In such cases the court may perhaps order pleadings to be made up as in this case, and the action would then be tried as if originally commenced in the superior court. There is, however, a distinction between cases of the kind indicated, and matters where the board is clothed with discretionary, legislative, ministerial, and like powers.

"It is, . . . not every question tried in the inferior

tribunal that is open to contest on appeal. A general rule of law precludes the court to which the appeal is taken from reviewing the judgment of the inferior tribunal upon matters committed to its discretion. In many instances the statute provides that the decision of the tribunal which first assumes jurisdiction shall be conclusive upon certain designated questions, and whenever this is done, either expressly or impliedly, the question must, of course, be deemed conclusively adjudicated." Elliott, Roads & Streets, p. 276.

The mere use of the term "appeal" in the statute affords no certain guide as to its effect. The general policy of the law, and reasons drawn from analogy and from practical consequences, must be resorted to, to determine its operation. *Dutcher v. Culver*, 23 Minn. 415. County roads are laid out and established by order of the county commissioners, on petition of a certain number of householders. Viewers are appointed to view, lay out, and survey the proposed road. The board of commissioners is to decide, on the coming in of the report of the viewers, "as to whether the road shall be established in accordance with the report of the viewers, or otherwise, or at all." Laws 1895, p. 86, § 12. The matter of establishing the road is left wholly to the discretion of the board of county commissioners, and necessarily so, for the board of commissioners is charged by the law with the duty of managing the county funds and business. Bal. Code, § 342. The cost of construction and damages incident to establishing the road are matters which must always be taken into consideration by the commissioners, as well as the financial condition of the county treasury, and there must necessarily be the exercise of discretion to a great extent in the paying out of funds for the construction of county roads. Ordinarily, juries are not called upon to pass on such questions. What are the limitations upon appeals to the superior court from the decision of the board of county commissioners? The

superior court exercises only judicial power; hence appeals from the board of county commissioners to the superior court must be limited to such cases as require the exercise of purely judicial power, and therefore when the board of county commissioners exercises political power, or legislative power, or administrative power, or discretionary power, or purely ministerial power, no appeal involving a trial *de novo* will lie. *Fulkerson v. Stevens,* 31 Kan. 125 (1 Pac. 261). It may be that under an appeal from such an order or decision, the superior court would have power to inquire into questions of jurisdiction, the regularity of the proceedings of the board of commissioners, and its compliance with the forms of law, but not to try the case as if originally brought in that court. The views here expressed may seem to be in conflict with a former decision of this court, *Hull v. Stephenson,* 19 Wash. 572 (53 Pac. 669). The reasons upon which we base our present views do not seem to have been considered in that case. In *Hull v. Stephenson, supra,* the board of county commissioners made an order vacating a road, an appeal was taken from that order to the superior court, that court dismissed the appeal, and the question which was brought to this court was on the order of the court below dismissing the appeal. The only questions before this court in that case were: Was the order an appealable order? Had the appellant the legal capacity to take an appeal to the superior court? We have already indicated that such an order might be appealable, so far as to inquire thereunder into questions of jurisdiction, etc.,—the appeal taking the place of the writ of *certiorari,* to a certain extent; and this view is strengthened by the fact that the practice regulating writs of *certiorari* to justices' courts governs under the express provision of the statute allowing appeals to the superior court from orders or decisions of boards of county commission-

ers.  *Tiedt v. Carstensen,* 61 Iowa, 334 (16 N. W. 214).
The county commissioners in establishing roads exercise
*quasi* legislative authority, and the superior court on ap-
peal is not authorized to revise or control the actions of the
board of commissioners in this respect.  *Commissioners'
Court of Lowndes County v. Hearne,* 59 Ala. 371; *Quinch-
ard v. Board of Trustees of Alameda,* 113 Cal. 664 (45
Pac. 856) ; *King County v. Neely,* 1 Wash. T. 241.

It seems, from the special verdict of the jury and the
final judgment in this case, that the only question sought
to be reviewed was the exercise of discretion by the board
of county commissioners in establishing the road petitioned
for.  From what we have said in this opinion, this question
was not open on its merits for review.  The judgment of
the court below is therefore reversed and set aside, and this
cause is remanded, with instructions to dismiss the appeal
taken from the decision of the board of county commission-
ers at the cost of said Peter Selde, Jr.  The appellant to
recover its costs, also, on this appeal.

REAVIS, C. J., and FULLERTON, DUNBAR and ANDERS,
JJ., concur.