[No. 6081. Decided July 19, 1906.]

Joseph Sweeney *et al., Appellants,* v. The County
Commissioners of San Juan County *et al.,
Respondents.*[1]

Certiorari—To County Commissioners—Adequate Remedy by
Appeal. An order of the board of county commissioners awarding
a lease of county property is not reviewable by writ of certiorari,
since if the act is judicial, an appeal will lie, and if not, the writ is
unauthorized.

Appeal from a judgment of the superior court for San
Juan county, Joiner, J., entered November 7, 1905, in favor
of the defendants, after a hearing on the merits, denying an
application for a writ of certiorari to review an order of the
board of county commissioners awarding a lease of county
property. Affirmed.

*W. R. Garrett* and *Willett & Willett,* for appellants.

*William H. Wynn, Jr.,* for respondents.

[1]Reported in 86 Pac. 200.

RUDKIN, J.—The appellants applied to the superior court of San Juan county for a writ of review to review the action of the board of county commissioners of that county in awarding a lease of county property to the respondent Jensen, under the provisions of the act of March 16, 1901, Laws 1901, p. 183. The writ was denied, and from the order denying the writ this appeal is prosecuted.

The respondents contend that the appellants had a remedy by appeal to the superior court under Bal. Code, § 359, and that the writ of review was properly denied for that reason. The appellants, on the other hand, contend that an appeal would not lie because the action complained of was not strictly judicial. In *Baum v. Sweeny*, 5 Wash. 712, 32 Pac. 778, and *State ex rel. De Rackin v. Allen*, 8 Wash. 168, 35 Pac. 609, this court held that an appeal would lie to the superior court from an order of the board of county commissioners awarding a contract for county printing. If an appeal will lie from such an order, we see no reason why an appeal will not also lie from an order awarding a lease of county property. *Selde v. Lincoln County*, 25 Wash. 198, 65 Pac. 192, cited by both parties, is not in conflict with the rule announced in the above cases. In the latter case an appeal was prosecuted to the superior court from an order of the board of county commissioners refusing to establish a public highway. The court had under consideration the question of the extent or limit of its jurisdiction to review the action of the board of county commissioners in such cases, and not the particular mode by which the case was brought before it. The court held that it could not review the acts of the board in the exercise of political, legislative, administrative, discretionary, or ministerial powers, and this was true regardless of the method by which the question was brought before the court. The court conceded that an appeal might lie from the action of the board of county commissioners in highway cases, but on such appeal the court would be limited to a review of strictly judicial questions. Of

course, the same limitation on the powers of the court would obtain if the case were brought before it by writ of review instead of by appeal. If the argument of the appellants proves anything, it proves too much, for if the board was not exercising judicial functions in awarding the lease to such an extent as to confer the right of appeal, a writ of review would fail for the same reason. In *State ex rel. White v. Board of Land Com'rs,* 23 Wash. 700, 63 Pac. 532, it was held that the board of state land commissioners exercise only executive, or administrative, functions in leasing state lands, and it may well be that the board of county commissioners only exercise similar functions in leasing county lands. If so, their action is not subject to review by appeal or by writ of review. There are few questions upon which there is a greater conflict of authority than over the right of a court to review by certiorari the acts of boards exercising legislative, administrative, and judicial powers. As said by Mr. Freeman in a note to the case of *Wulzen v. Board of Supervisors,* 40 Am. St. 38,

"The chief contention respecting the office of the writ of certiorari has arisen when it was sought as a means of reviewing or annulling the proceedings of the common councils of towns or cities, or the boards of supervisors and like tribunals exercising legislative, administrative, and judicial functions in the government of counties. We do not doubt that there are indefensible decisions on both sides of this question ; some that have sustained the writ when the act reviewed was clearly administrative or legislative in character and consequence, involving neither judicial inquiry nor decision ; and others, like the principal case, that have questioned the writ when the proceeding was required to be instituted by notice to all the parties to be affected thereby who are entitled to be heard in opposition thereto, and in the event of such opposition being overruled, a charge was imposed upon their property as the ultimate result of the proceeding, and the precise amount due from each parcel so fixed that it could not be the subject of further inquiry, judicial or otherwise."

It is unnecessary for us to determine in this case the exact

nature of the powers or functions exercised by the board of county commissioners in awarding the lease in question, for if judicial, an appeal would lie, and if not the writ of review is unauthorized.

The judgment of the court below is therefore affirmed.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, CROW, and DUNBAR, JJ., concur.