[No. 16879. Department One. March 3, 1922.]

*In the Matter of the Establishing of* DRAINAGE DISTRICT
No. 10, OF KING COUNTY.

HENRY J. BENHAM *et al., Appellants,* v. R. J.
MCLAUGHLIN *et al., Respondents.*[1]

APPEAL (18, 30)—COUNTIES (22)—DECISIONS APPEALABLE—DISCRE-
TION. The action of the board of county commissioners in ordering
the establishment of a drainage district upon application therefor
and in refusing a rehearing thereafter, being an exercise of the dis-
cretion reposed in the board, is not reviewable on appeal.

DRAINS (9)—PROCEEDINGS FOR ESTABLISHMENT—BONDS. Failure
of petitioners for the establishment of a drainage district to give
the bond required by the county commissioners does not defeat the
jurisdiction of the board to order the district established.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered April 2, 1921, dis-
missing an appeal from an order of the board of county
commissioners establishing a drainage district. Af-
firmed.

*Elias A. Wright, Sam A. Wright, Jay C. Allen,* and
*S. H. Steele,* for appellants.

*Malcolm Douglas* and *Howard A. Hanson,* for re-
spondents.

TOLMAN, J.—Another branch of this controversy was
before this court in *State ex rel. Foley v. Ramsey,* 116
Wash. 541, 199 Pac. 978, and reference to that case
may be had for a statement of the facts.

As stated in the *Foley* case, respondents there, who
are the appellants here, appealed to the superior court
for King county from the order of February 9, 1920,
made by the board of county commissioners establish-
ing drainage district No. 10 of King county. This

[1] Reported in 204 Pac. 1050.

appeal is from a judgment of the superior court entered April 2, 1921, on motion of respondents, dismissing that appeal.

The parties here seem to have each exactly reversed the position which they sought to maintain in the *Foley* case. There we find that the respondents here were contending that mandamus would not lie because the remedy, if any, was by appeal, and the present appellants there argued, "In this case, however, these appellants made away with the objections that were filed by these relators and destroyed the only record on which they could base an appeal, and now want to say to this court that appeal will lie from the order establishing the district." However, since we, and not counsel for the litigants, must decide the case, it is useless to "appeal from Phillip drunk to Phillip sober."

The statute authorizing appeals from orders made by the board of county commissioners, Rem. Code, § 3909[1] (P. C. § 1679), reads: "Any person may appeal from any decision or order of the board of county commissioners to the superior court of the proper county." It may be assumed that "any person" means any person interested in the matter at issue, and there is no contention that appellants did not have a sufficient interest in the subject-matter to give them the right to appeal. It would therefore appear that the question here to be decided is, what questions will be reviewed by the courts on such an appeal? The learned trial court seems to have been of the opinion that the court could inquire only into the jurisdiction of the board, the regularity of the proceedings had before it, and fraud or grossly arbitrary action appearing on the face of the record; or, stated in other words, in effect held that the court could not examine into and control the exercise of discretion by the county board. This

[1] Note: See Rem. Comp. Stat., § 4076.

principle seems to have been early recognized by this court and uniformly followed. In *Baum v. Sweeny,* 5 Wash. 712, 32 Pac. 778, in upholding the judgment of the trial court setting aside on appeal an order made by a county board, it was specifically pointed out that in the matter complained of the board had no discretion, but simply a ministerial duty to perform; and treating the appeal as in effect a mandamus proceeding, the board was directed to perform such duty. From the language used, the inference is strong that, had the matter involved been one upon which the county board might exercise discretion, the result would have been otherwise.

In *Selde v. Lincoln County,* 25 Wash. 198, 65 Pac. 192, it is said:

"What are the limitations upon appeals to the superior court from the decision of the board of county commissioners? The superior court exercises only judicial power; hence appeals from the board of county commissioners to the superior court must be limited to such cases as require the exercise of purely judicial power, and therefore when the board of county commissioners exercises political power, or legislative power, or administrative power, or discretionary power, or purely ministerial power, no appeal involving a trial *de novo* will lie. *Fulkerson v. Stevens,* 31 Kan. 125 (1 Pac. 261). It may be that under an appeal from such an order or decision, the superior court would have power to inquire into questions of jurisdiction, the regularity of the proceedings of the board of commissioners, and its compliance with the forms of law, but not to try the case as if originally brought in that court."

The *Selde* case was approved and followed in *State ex rel. Yeargin v. Maschke,* 90 Wash. 249, 155 Pac. 1064, where, after quoting from the *Selde* case, it is said:

"If the action of the board of county commissioners was arbitrary or capricious, this fact can only be determined by a trial *de novo* in the superior court. In no other way could the facts which show such arbitrary or capricious conduct, if in fact it existed, be made to appear. These facts were what produced the action of the board, and would not be shown by the record of the proceedings of such board. There being no right to a trial *de novo*, under the holding in the *Selde* case, there was no appeal from the action of the board which would afford an adequate remedy."

It is apparent that, both in making the order establishing the district and in refusing to grant a rehearing thereafter, the county board exercised its discretion, that fraud or arbitrary action is not established by the record, and that the courts cannot interfere even though they may be convinced that the wrong result was reached.

This being the settled rule in this state, and it appearing that, on the face of the record, the proceedings leading up to and culminating in the order made by the county board for the establishment of drainage district No. 10 were in all things regular, and in compliance with the statute, except only the bond given on behalf of the petitioners for the establishment of the district, we will, though little reliance seems to be placed on that point, refer to it briefly. It appears that the petitioners presented with their petition a bond in the sum of $200, conditioned as provided by statute, and thereafter, on the advice of the county engineer, the board, of its own motion, ordered the petitioners to file an additional bond in the sum of $1,500, which order was never in any manner complied with. The general rule applicable is given in 19 C. J. 646, as follows:

"In some jurisdictions the petition must be accompanied by a bond to protect the county and other in-

terested persons against the expense of the preliminary proceedings in case the drainage district or ditch is not established. But failure to give bond does not affect the jurisdiction of the court or board, and defects therein will not invalidate the proceedings after the bond has been acted upon and the drain or district established.''

This seems to be a reasonable and salutary rule, as well as the general one, and we are content to follow it.

The judgment of the trial court is affirmed.

PARKER, C. J., MITCHELL, and BRIDGES, JJ., concur.

FULLERTON, J., concurs in the result.

