[No. 26423. *En Banc.* December 14, 1936.]

THE STATE OF WASHINGTON, *on the Relation of Republic Publishing Company, Appellant,* v. A. H. McPHEE *et al., Respondents.*[1]

*Rigg, Brown & Halverson* and *N. K. Buck,* for appellant.

*Robert J. Willis,* for respondents.

TOLMAN, J.—The relator, appellant here, began this action in the superior court by a pleading denominated "Notice of Appeal," by which it sought, in the alterna-

[1]Reported in 62 P. (2d) 1355.

tive, either to secure a trial *de novo* on appeal from an order of the board of county commissioners of Yakima county, or a review of that order on an application for a writ of mandamus.

The trial court held that an appeal would not lie, but that the order of the board could be reviewed by the application for the writ and, after hearing the evidence, made findings of fact and conclusions of law upon which a judgment was entered denying the writ and dismissing the action with costs. The relator, appealing from that judgment, questions the rulings both as to the right to appeal and the right to the writ of mandate.

■ The matter sought to be reviewed is an order of the board of county commissioners letting a contract for the county printing, for the year beginning July 1, 1936, made after the giving of proper notice.

It is quite clear that, in the letting of such a contract, the board exercises no judicial power, but only administrative and discretionary powers, hence no appeal permitting a trial *de novo* will lie. *Selde v. Lincoln County,* 25 Wash. 198, 65 Pac. 192; *State ex rel. Yeargin v. Maschke,* 90 Wash. 249, 155 Pac. 1064; *In re Drainage District No. 10 of King County,* 119 Wash. 8, 204 Pac. 1050.

The trial court correctly held that the appeal would not lie.

■ As to the right to a writ of mandate upon the theory that the board of county commissioners had acted arbitrarily or capriciously, the trial court, after considering all of the evidence, found:

"That the plaintiff is the owner and publisher of the Yakima Morning Herald, a daily newspaper published in the City of Yakima, Yakima County, Washington, which said newspaper is a legal newspaper. under the laws of the State of Washington.

"That the defendant Toppenish Review Publishing Co. is a corporation organized and existing under the laws of the State of Washington, and the publisher of a weekly newspaper in the City of Toppenish, Yakima County, Washington.

"That under and by virtue of Section 4081 of Rem. Rev. Stats., the above named defendants, A. H. McPhee, Frank Boisselle and Riley Williams, did, on the 6th day of April, 1936, open bids for the county printing of Yakima for the year beginning July 1, 1936.

"That at such time and place four bids were opened, including the bid of the plaintiff for and on behalf of the Yakima Morning Herald, and the bid of the Toppenish Review Publishing Co.

"That at such time and place the said defendant, County Commissioners, did give due thought and consideration to the question of circulation of the Yakima Morning Herald and the Toppenish Review, respectively, and did not act arbitrarily or capriciously in awarding the Yakima County printing contract, on April 9, 1936, for the year beginning July 1, 1936, to the Toppenish Review Publishing Company.

"That the weekly newspaper published by the defendant, Toppenish Review Publishing Company, does circulate generally throughout Yakima County, having a weekly circulation of 1,061, one-half of which is in Toppenish and vicinity; that the daily circulation of the Yakima Morning Herald is 7,683, of general circulation throughout Yakima County.

"That the bid of the Toppenish Review Publishing Company was 25¢ per square for the first insertion and 15¢ per square for subsequent insertions, whereas the bid of the Republic Publishing Company, on behalf of the Yakima Morning Herald, was 50¢ per square for the first insertion and 40¢ per square for each subsequent insertion generally, and with somewhat different fees to be charged for publishing certain particular reports and proceedings.

"That in considering said bids and awarding said printing contract, the said defendant Commissioners considered the respective circulations of the two

papers and considered the difference in the amount of bids submitted, and acted within a sound exercise of their discretion in awarding said contract to the Toppenish Review Publishing Company.''

The statute, Rem. Rev. Stat., §§ 4080 and 4081 [P. C. §§ 1844, 1845], clearly gives to the board of county commissioners a discretion within certain fixed limits, which are not here involved, and, as we see it, the only question now presented is whether or not the evidence preponderates against the findings made by the trial court in any material respect.

A careful reading and weighing of all of the evidence convinces us that there is no preponderance against these findings nor any of them, and therefore the judgment is affirmed.

ALL CONCUR.